Davis *v.* School District No. 2, in Bradford.

GORHAM DAVIS *versus* SCHOOL DISTRICT No. 2, IN BRADFORD.

A school district cannot be considered as promising to pay for unauthorized repairs upon their school house by using it afterwards.

A vote of a school district " to authorize the agent to lay out ten per cent. of the school money belonging to the district this year, and ten per cent. of the next year's school money, or as near as may be, in repairing the school house in said district," does not authorize the agent to expend on account of the district a greater sum than the amount of the ten per cent. for those two years, although it might require more to put the house in good repair.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Assumpsit for labor and materials expended by the plaintiff in repairing the school house in District No. 2, in Bradford. The materials and labor were necessary to render the school house fit to keep the school in, then about to commence. Prior to incurring the expenses, a meeting of the school district was held on Oct. 27, 1838. One article in the warrant was, " To see what repairs shall be made on said school house, and when it shall be done." At this meeting the district " voted to authorize the district agent to lay out ten per cent. of the school money belonging to the district this year, and ten per cent. of the next year's school money, or as near as may be, in repairing the school house in said district." The district meeting was legal, and Davis, the plaintiff, was the district school agent. The plaintiff expended, in necessary repairs, $32,60. Ten per cent. on the school money of the district for the two years mentioned in the vote, amount to $15,92, and this last sum was paid by the district to the plaintiff. The repairs were made immediately before the school commenced.

The district Judge ruled, that the action could not be maintained ; and a nonsuit was entered, and the plaintiff filed exceptions.

*Blake* argued for the plaintiff ; — and

*M' Crillis,* for the defendants.

The opinion of the Court was by

TENNEY J. — By a vote of the district, passed Oct. 27, 1838,

the plaintiff, as agent, was " authorized to lay out ten per cent. of the school money belonging to the district this year, and ten per cent. of next year's school money, or as near as may be, in repairing the school house in said district." The plaintiff expended in the repairs, which the case finds to have been necessary to fit the school house for the school, that was then about to commence, the sum of $32,60, and received the sum of $15,92, which was the full amount of ten per cent. of the money appropriated to the district for the two years; this action is for the recovery of the balance.

By the statute of 1834, c. 129, § 8, inhabitants of school districts are empowered to raise money for the purpose of erecting and repairing school houses. By section 14, the agents of any school district are authorized to expend annually out of the money raised for the support and maintenance of schools therein, a sum not exceeding ten per cent. of the money assigned as the share of said district, for incidental repairs of the school house, out buildings and necessary utensils for the same.

It is manifest from the vote of the district, that they did not intend to make repairs, requiring them to raise money for the purpose, but to confine themselves to the sum in making the repairs at one time, which the agents of two successive years could make at two distinct times. Nothing is said in the vote, that " the necessary repairs" were to be made. The words, " or as near as may be," gave the agent no power to expend a sum, which he might think necessary, for this would take away the entire meaning of the language limiting the expenditure. The whole vote, when taken together, confined the repairs, so that a greater sum than the ten per cent. for the two years could not be laid out, but did not require that the agent should go to the utmost extent of the power, if it would be attended with inconvenience, and produce no benefit to the district.

If the agent is required to provide a suitable place for the school, the statute gives him no authority to build a school house at the expense of the district, or to make repairs, other than those mentioned in the act.

It is insisted, that the district by using the house after the

repairs were made, adopted them, which implies a promise to pay therefor. If the case found, that the house was so used, such a promise cannot be implied against the plain intention of the district as shown by their vote. A district cannot be considered as promising to pay for unauthorized repairs upon their school house by using it afterwards. The principle contended for by the plaintiff would oblige one to pay for repairs made upon his buildings without his request or wishes, or to abandon them entirely.

*Exceptions overruled.*