DANIEL L. FISHER & another *vs.* THE INHABITANTS OF SCHOOL DISTRICT No. 17 IN ATTLEBOROUGH.

Where a school district appointed three persons a committee to build a school-house, two of whom, the third refusing to act, built a house, where all the schools of the district were afterwards kept, and all meetings of the inhabitants of the district held, and on which the notices of such meetings by vote of the district were posted ; it was held, that on these facts a jury were warranted in finding such a ratification and acceptance by the district of the doings of the two acting members of the committee, as would render the district liable to pay them for the house.

THIS was an action of assumpsit, to recover a balance alleged to be due to the plaintiffs for building a school-house, and was tried before *Bigelow*, J., in the court of common pleas.

On the trial it was in evidence for the plaintiffs, that in November, 1845, the district voted to build a school-house, and appointed the plaintiffs and one Drake a committee for the purpose, and that Drake was called upon by the plaintiffs to join them in building the school-house before the same was commenced, but refused to act at all in the matter.

The plaintiffs offered evidence tending to show, that the school-house was erected by them and completed in August, 1846; that all the schools of the district had ever since been kept there; that all the meetings of the inhabitants of the district, for the transaction of the business of the district, had been held therein, and that the notices to warn meetings of the district had all been posted on the school-house, in compliance with a vote of the district; and that there was no other school-house in the district.

It appeared that the land on which the school-house was erected did not belong to the district, but there was evidence tending to show a negotiation in behalf of the district for the hire or purchase of the same.

Upon this evidence, the defendants asked the judge to rule, that as a committee of three were chosen to build the school-house, and two of them only acted, the other refusing to act, all the acts of the two in the premises were unauthorized, and the district were not bound thereby. But the judge refused so to rule, and instructed the jury, among other things, that if they were satisfied that the plaintiffs erected the school-house, it was competent for them to infer a request, on the part of the defendants, of the plaintiffs to erect the house, and a promise to pay the plaintiffs a fair and reasonable sum for the labor done and materials furnished for the erection thereof, from the acts and doings of the district in relation thereto, subsequent to its erection; and if the district had taken possession of the house, and used, occupied, and improved it for their schools and for meetings of the inhabitants of the district, for the transaction of business, and for other lawful purposes, so as to indicate clearly to their minds an appropriation and adoption of the house by the district as their own, for such uses and purposes as were fairly within

Fisher & another v. Inhabitants of School District No. 17 in Attleborough.

the corporate power of the defendants, then it was for the jury to say whether this state of facts satisfied them, that the plaintiffs had built the school-house at the defendants' request, and if they were satisfied of such request, that the plaintiffs had a right to recover such a sum as would be a fair and reasonable compensation to them for the labor done and materials furnished in the erection of the house.

The jury found a verdict for the plaintiffs, and the defendants alleged exceptions.

*N. Morton,* for the defendants.

*H. Pratt,* for the plaintiffs.

FLETCHER, J.    This is an action of assumpsit, to recover a balance alleged to be due to the plaintiffs for building a school-house.    It appeared in evidence, that the plaintiffs and one other person had been appointed a committee to build a school-house ; that such other person refused to act; and that the plaintiffs went on without him and built the school-house, payment for which is sought to be recovered in this suit.    It was objected, on the part of the defendants that three persons having been appointed to build the house, two of them could not lawfully execute the powers given to . the three, and that the plaintiffs could not recover in this suit. But it is not necessary to settle this question, in the present position of the case.

Assuming that the defendants are right in their objection, that the power given by the district to three could not be legally executed by two only, so as to bind the district simply upon the vote of the district giving authority to the three to build the school-house ; yet the district might afterwards ratify the proceedings of the two in building the house and accept the house thus built; and if the district did so ratify the acts of the two, and did so accept the house when built by the two, they would be bound to pay for it.    And the evidence introduced by the plaintiffs, as to the acts of the district, was competent and sufficient to prove such a ratification and acceptance, as would render the district liable to make payment for the house, as demanded by the plaintiffs.

The instruction of the court below, to which exception was

taken by the defendants, was in substance and effect, though not exactly so in form, that if the jury should find upon the evidence, which was competent and sufficient for the purpose, that the district had so ratified the acts and doings of the plaintiffs in building the house, and had in fact accepted the house when built, then they would be warranted in finding for the plaintiffs. And the jury accordingly so found. The instruction, therefore, of the court below, and the finding by the jury, being well warranted by the facts in the case, the exceptions must be overruled, and judgment entered on the verdict.