BELLOWS v. THE DISTRICT TOWNSHIP OF WEST FORK.

1. **Pleading:** MATTER OF INDUCEMENT. Matters stated in a petition as an introduction or inducement to the facts on which plaintiff bases his claim are not wholly impertinent, and it is not error to refuse to strike out such matter on motion.

2. **Practice:** TAKING CASE FROM JURY. Where, in an action upon a contract against a school district for work done and materials furnished, the evidence showed that the labor was done and that the materials were furnished, and their value, and also tended to show a ratification of the contract by the defendant under the doctrine of *Athearn v. Independent District of Millersburg*, 33 Iowa, 105, *held* that the court properly refused to direct a verdict for the defendant.

3. **School Districts:** CONTRACT: RATIFICATION: EVIDENCE. In an action against a school district for the erection of certain out-build'ngs, evidence that plaintiff constructed the buildings, that there had been

Bellows v. The District Township of West Fork.

no legal contract for their construction, but that they were used for the purposes for which they were designed, *held* admissible, when taken with other evidence showing the necessity of the buildings and that the directors had knowledge of their construction, to show a ratification of the act of a subdirector in employing plaintiff to construct the buildings.

4. **Practice**: SPECIAL INTERROGATORIES TO JURY. Interrogatories demanding special findings not pertinent to the issues should not be submitted to the jury.

5. **School Districts**: CONTRACT: RATIFICATION BY ACQUIESCENCE. To recover for erecting necessary out-buildings to a school-house, it is not necessary to prove a contract made or ratified by the board of directors while in session. It is enough to show that the buildings were erected with the knowledge of the directors, and that with their knowledge they were used for the purposes for which they were designed.

6. ——: ——: ——: LIABILITY. Where out-buildings to a school-house were built with the knowledge and acquiescence of the directors of the district, and the buildings were used for the purposes for which they were erected, and they were built under a contract made with a subdirector, with the approval of the president, which was made known to the board of directors, *held* that the district was liable.

7. **Pleading**: AMENDMENT AFTER VERDICT. An amendment to the petition may be allowed after verdict in order to conform the pleadings to the evidence.

*Appeal from Woodbury Circuit Court.*

TUESDAY, DECEMBER 14.

ACTION to recover for labor performed and materials furnished for the construction of a coal-house and other necessary out-houses appurtenant to a school-house built by plaintiff for defendant. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*A. C. Strong*, for appellant.

*J. N. Weaver*, for appellee.

BECK, J.—I. The defendant moved to strike out certain parts of plaintiff's petition, which recite that plaintiff, under

1. PLEADING: matter of inducement. contract with defendant, built a school-house, the work on which was superintended by one of the

subdirectors, under whose employment the work sued for was done. The motion was overruled, of which defendant complains. While the matters assailed by the motion cannot be regarded as pertinent to the extent of showing a contract or other grounds upon which plaintiff is entitled to recover, they are not wholly impertinent, in that they may be regarded as an introduction or inducement to the facts upon which plaintiff bases his claim. We think there was no error in overruling the motion.

II. It is complained that the court erred in refusing, at defendant's request, to direct the jury to return a verdict for

2. PRACTICE: taking case from jury. defendant. The evidence tends to show that the directors or other officers of defendant knew of the services rendered and materials furnished by plaintiff, and acquiesced therein, and that the buildings had been appropriated to the use of the defendant. The value of the labor and materials were also shown, which plaintiff seeks to recover. The evidence also tends to show an oral contract with or employment of plaintiff by one of the directors of the defendant, who superintended the building of the school-house, of which the president was informed, and the same information was had by the board of directors. The evidence just referred to tends to show a ratification of this contract, which would render defendant liable thereon. *Athearn v. Independent District of Millersburg*, 33 Iowa, 105. The court correctly refused to direct a verdict for defendant.

III. Certain evidence for plaintiff was admitted, against defendant's objection, which is now complained of by coun-

3. SCHOOL districts: contract: ratification: evidence. sel. This evidence tended to establish the following facts: That plaintiff constructed the outbuildings, and that there had been no prior contract or arrangements for their construction, and now, after their completion, their use for the purposes for which they were designed. This evidence, taken in connection with other testimony showing that the buildings were

necessary, and that the several directors had knowledge of their construction and use, tends to establish an acceptance of the buildings, and a ratification of the act of the directors in employing plaintiff to construct them. It was therefore competent.

IV. The defendant asked the court to propound to the jury certain interrogatories for special findings as the acts of the board of directors in contracting or authorizing the contract with plaintiff for the out-buildings, in ratifying the contract, and in taking possession of the buildings. The interrogatories also required the jury to find whether the board of directors had notice of the construction of the buildings, and whether the president approved the contract and reported it to the board. These interrogatories contemplate answers showing whether the directors, as a board, acting together, and the president, officially and formally did the acts referred to therein. It is not claimed by plaintiff—and he does not base his right of action thereon—that the board of directors ever acted in the premises, or that the president officially and formally approved and reported the contract, under which the work was done, to the board; but his claim is based upon the aquiesceuce by the directors, and the use of the buildings by the schools, and other matters above referred to. The interrogatories demanded special findings not pertinent to the issue, and were therefore properly withheld from the jury by the court.

4. PRACTICE: special interrogatories to jury.

V. The defendant asked an instruction to the effect that the use of the out-buildings by the children of the school is not a ratification of the contract under which they were built. We think that, while such use alone would not authorize the finding of a ratification, yet it is evidence to be considered with other matters,—as the knowledge of the construction of the buildings, and their use,—under which ratification may be presumed. The instruction would have misled the jury if given, and was therefore rightly refused.

VI.   Other instructions asked by defendant were to the effect that, to entitle plaintiff to recover, he is required to

**5. SCHOOL districts: contract: ratification by acquiescence.** show action by the board while in session, and approval of the contract by the president of the board, and that ratification could only be made by the board while in session.   The instructions, we think, were rightly refused.   As we have pointed out, defendant would be held liable on a presumed ratification, upon evidence showing acquiescence in the construction of the buildings and their use.   It appears to us that defendant, in order to relieve itself of liability, after the acceptance of the buildings by its officers, by some proper act should have forbidden their use, and notified plaintiff thereof.   It could not permit these necessary buildings to stand on its ground, and to be used for purposes connected with the school, and escape liability therefor while enjoying all the benefits thereof.

VII.   Counsel for defendant insists that the court below failed to present to the jury the issues in the case.   We think the objection not well founded.   The allegations of the plaintiff's petition, upon which recovery is sought, and the denial thereof by defendant, are substantially set out in the instruction.   We do not think it possible that the jury did not fully understand the issue as correctly presented in the instructions.

VIII.   The defendant's counsel urge many objections to the instructions given by the circuit court to the jury.   These

**6. ——:——: ——:liability.** instructions hold that the knowledge of the directors of the construction of the buildings, their acquiescence therein, the use of the buildings for the purposes for which they were erected, and that they were built under a contract with a subdirector, with the approval of the president, which was made known to the board of directors, render the defendants liable.   These instructions are in accord with the views we have above expressed.   Other matters contained in the instructions are not in conflict with these views.

IX. After verdict, the plaintiff was permitted to amend his petition by allegations to the effect that the board of directors had knowledge of and acquiesced in the contract made between the subdirector and plaintiff; that the president approved of the contract, of which the board of directors were informed, and from which they failed to dissent. Counsel complain of the action of the court in presenting these amendments, on the ground that there is no evidence to support the facts alleged therein. We think differently. There was evidence tending to establish the facts alleged in the amendments.

*7. PLEADING: amendment after verdict.*

The foregoing discussion disposes of all questions in the case raised by counsel. In our opinion, the judgment of the circuit court ought to be

AFFIRMED.