FRANK MILLER AND COMPANY vs. EDWARD R. LAMPSON.

First Judicial District, Hartford, March Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The city sheriff of the city of Waterbury may lawfully serve a writ of summary process, in which the residence of the parties and of the justice, and the location of the premises, are all described as of the town of Waterbury.

Section 1356 of the General Statutes, providing for a jury of six only, in cases of summary process, and requiring the party moving for the jury to give a recognizance with surety for all costs in case of a final adverse judgment, is valid and constitutional.

A notice to quit, reading, "you are hereby notified to quit possession of the premises No. 95 Bank street in Waterbury, on or before the 20th day of August, 1894," is substantially in the form prescribed by statute, § 1355, and is sufficient.

In an action of summary process a variance between allegation and proof as to the date the lease expired, will not bar the plaintiff's recovery, if both the date alleged and the date proved were prior to that on which the notice to quit was served.

Miller & Co. *v.* Lampson.

The tenants claimed that the lease was one from year to year, and that a holding over by them after the expiration of one year was a renewal of the lease for another year. *Held* that the court, in view of the provision of § 2967 of the General Statutes, correctly charged the jury that a mere holding over was not evidence of a lease for another year, and that they must be satisfied from other evidence, showing a meeting of the minds of the parties, before they could find a new lease for another year.

While it is the duty of the court, without specific request, to give a jury such instructions as are not only correct but adapted to the issue before them, it is hardly in the interests of justice to apply the principle with inflexible rigor to the charge of a justice of the peace to a jury, in an action of summary process, in relation to a minor point in the case, not embraced in the main controversy, and not suggested in the claims of able counsel. (Two judges dissenting).

The landlord claimed and testified that no time for termination of the lease had been agreed upon. Upon his cross-examination he was asked, for the purpose of affecting his credibility, if he had not leased the premises to one *G* for five years. *Held* that the court committed no error in excluding the question. Subsequently *G* also testified and stated, among other things, that he had leased the premises of the landlord from September 1st. On cross-examination he was asked how long he had leased the premises for, and on objection the court excluded the question. *Held* no error. (Two judges dissenting).

[Submitted on briefs March 7th—decided July 19th, 1895.]

WRIT of error from a judgment of a justice of the peace in an action of summary process, brought to the District Court of Waterbury and tried to the court, *Bradstreet, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Daniel F. Webster* and *John O'Neill,* for the appellants (plaintiffs).

The Constitution provides that the right of trial by jury shall remain inviolate—remain as it was at the adoption of the Constitution. At that time an action of ejectment might be brought, or an action for forcible entry and detainer or peaceable entry and forcible detainer, in which could be tried a man's right to retain the possession of real estate. In both these actions there was a right of trial by jury.

There was no provision at the time the Constitution was adopted, requiring a defendant in any case to enter into a bond to pay the costs of an action in case he was defeated. This provision in the statute of summary process is an unreasonable restriction of the defendant's right; it violates the provision which provides that the right of trial by jury shall remain. If the plaintiffs had the right to a jury at all, they had the right to a common law jury of twelve. There was no provision for a jury of six at the time the Constitution was adopted.

The plaintiffs claimed that by continuing in the possession of the premises from the first day of May, 1894, down to the first day of August, 1894, *with the consent of the landlord and with his knowledge, the relation of landlord and tenant existed between the parties*, and operated to renew the lease between the parties from the first day of May, 1894, until the first day of May, 1895. *Bacon* v. *Brown*, 9 Conn., 334.

There was a dispute between the parties as to whether the rent was payable monthly. The plaintiffs claimed they hired the premises for the yearly rent of $575, and that in point of fact the rent was actually paid at irregular intervals of one, three, five and six months; and at one time a period of seven months elapsed before any rent was paid. By the charge the justice took the question of fact away from the jury as to whether there was a letting from month to month.

The court erred in failing to charge the jury that even if they found the lease to be a monthly letting, still if the present plaintiffs occupied the premises during July, 1894, as tenants with the knowledge and consent of the then plaintiff, the plaintiff could not recover upon the allegations of his complaint.

*Lucien F. Burpee*, for the appellee (defendant).

I. Section 1356 of the General Statutes, providing for a jury of six for the trial of an action of summary process, is constitutional. *Seeley* v. *Bridgeport*, 53 Conn., 1 ; *La Croix* v. *County Commissioners*, 50 id., 327. At the adoption of the Constitution there was no provision of law for jury trials

before justices of the peace, and in many cases such trial could not be obtained by appeal to a higher court. The right which, under this constitutional provision, was to "remain inviolate," was only a limited one, and the history of legislation discloses that the legislature had often changed the limits of this right by varying the extent of the final jurisdiction of the inferior courts. The purpose of the Constitution was not to prohibit the legislature from making such changes in the future, as the business interests of the State might require from time to time, even if the effect of such changes was always to deprive some litigants of jury trials. Nor can it be said that reasonable regulations for the exercise of this right, such as the requirement of a bond or the payment of jurors' fees, were prohibited by this section. All these questions have been fully discussed by this court. *Curtis* v. *Gill*, 34 Conn., 54; *Beers* v. *Beers*, 4 id., 535; *Colt* v. *Eaves*, 12 id., 422; *Guile* v. *Brown*, 38 id., 240.

II. The charge should be considered as a whole, and solely with regard to the points in issue in this action. Those issues are defined in § 1357 of the statutes. They are, (1) Is the defendant the lessee in the complaint? (2) Is he holding over after the termination of his lease? (3) Has due notice to quit been given as provided, and has the time limited therein expired? (4) Does the defendant show a title in himself which accrued after the making of the lease? As to the first and fourth, there was no dispute. As to the others, the instructions of the court should be considered with reference to the claims made by the parties on the trial. All those which bear upon a particular point should be considered as a whole. *Collins* v. *Richmond Stove Co.*, 63 Conn., 356. The instruction given, that merely holding over is not evidence of a lease for another year, and that the jury must find some other evidence than merely holding over after the expiration of the year to show a meeting of minds on a new lease for another year, is in accordance with the law of this State. General Statutes, § 2967. So, also, is the instruction given that, if no time is agreed upon, the agreement is governed by the statute and the letting is from month to month.

The court simply stated the law. He did not withdraw any fact from the jury. He said, "If you find that no time was agreed upon," then the law is so and so.

It is not true that both the parties agreed that the relation of landlord and tenant existed between them during the month of July, 1894. But if so the variance between the allegation and the proof was entirely immaterial. The substance of this dispute was whether this letting was from year to year or from month to month; whether it could be terminated at the end of any month. If from the evidence the jury found that there had been a lease, that it had expired, that due notice to quit had been given, that the time limited therein had expired, and that the defendants were still holding over, it was a matter of no importance exactly on what prior day the lease ended. *Zeigler* v. *Danbury R. R. Co.*, 52 Conn., 552; *Allen* v. *Jarvis*, 20 id., 35; Pr. Act, § 6, p. 15.

The justice committed no error in excluding the questions asked of the plaintiff and of Mr. Greenman. The questions were whether the plaintiff had leased the premises in question to Mr. Greenman, and for how long. This evidence was claimed for the purpose of affecting the credibility of the witnesses. But it could not affect their credibility in any degree. 1 Wharton on Ev., § 404; 1 Greenl. on Evidence (15th Ed.), §§ 461–463.

Moreover, the admission of such questions as may properly be asked to affect the credibility of a witness is always within the discretion of the court. See note in Vol. 88, Amer. Dec., 321.

It appears, however, that the full benefit of the evidence · for which the defendants were seeking, they subsequently obtained by the admissions of the plaintiff and his witness, and could not have been harmed by the action of the court. *Richmond* v. *Stahle*, 48 Conn., 22.

FENN, J. This is an action of summary process. The complaint was dated and served on the 24th day of August, 1894, and made returnable on the 30th day of August, 1894. By continuance the case came to the 8th day of September,

1894, when the court, upon a verdict of the jury impaneled, rendered judgment in favor of the then plaintiff Lampson, who is the present defendant in error.

The District Court of Waterbury to which this writ of error was brought, found no error, and rendered judgment in favor of the present defendant. The plaintiffs appeal to this court. The reasons of appeal are as follows :—

" 1. The court erred in deciding that no error had been committed by the magistrate on the trial of said action of summary process.

" 2. The plaintiffs claim that the magistrate who presided on the trial of said summary process erred in the several particulars pointed out by the plaintiff in his bill of exceptions, which is made a part of the record in said summary process; and the plaintiffs say said District Court erred in sustaining the several rulings and decisions of the said magistrate, and in finding that no error was committed in the trial of said action of summary process."

The first exception is to the action of the justice court in overruling a plea in abatement alleging defective service, thereby holding that the city sheriff of Waterbury was authorized by law to serve such process. There was no error in this : the parties to the action, and the justice to whom it was returnable, resided, and the premises in question were located, in the town of Waterbury. Such being the case, the city sheriff had power to make service. 8 Special Laws, 1.

The complaint alleged a lease of the premises, made on the first day of June, 1894, for one month, entry under said lease, and notice on July 24th, 1894, to quit on or before August 20th, 1894.

The plea in abatement having been overruled, the plaintiffs in error filed an answer containing two defenses, the first being a general denial. The second defense was as follows : " The defendants say that they are occupying the premises in question by virtue of a lease from the plaintiff for the term of one year, from the first day of May, 1894, at a yearly rent of $575, payable in equal monthly installments,

.and that said lease has not yet expired." The allegations of this defense were denied.

For the sake of convenience, and of conformity to the language of the bill of exceptions, from which we shall have frequent occasions to quote, the plaintiffs in error will hereinafter be called the defendants, and the defendant in error the plaintiff.

The defendants having filed their answer to the complaint, and the plaintiff his reply thereto, the record states: "The defendants thereupon requested that a jury might be summoned to try the issues of fact formed by the pleadings, without being required to enter into any bond or recognizance for the payment of costs. The court decided that the jury might be summoned, but that the defendants should enter into a bond with surety to pay the costs, as required by statute, if this was done. To this ruling and decision the defendants duly excepted.

"The defendants thereupon requested that a jury of twelve might be summoned to try the issues of fact, claiming that the Constitution guaranteed that the right of trial by jury should remain inviolate, and that before and at the time the Constitution of Connecticut was adopted, a defendant could not be deprived of his property unless upon the verdict of a jury of twelve. The court overruled this claim of the defendants, and the defendants duly excepted."

There was no error in these rulings of the court. The provisions of General Statutes, § 1356, here called in question, are valid and constitutional, and no objection can now be urged to them which has not already been considered and overruled in the decisions of this court. *Curtis* v. *Gill,* 34 Conn., 49; *Guile* v. *Brown,* 38 id., 237; *La Croix* v. *County Commissioners,* 50 id., 321; *Seeley* v. *Bridgeport,* 53 id., 1.

The defendants objected to the notice served, which read as follows: "You are hereby notified to quit possession of the premises No. 95 Bank street in Waterbury, on or before the 20th day of August, 1894." We think such notice "substantially" in the form prescribed in General Statutes, § 1355, and sufficient.

Several exceptions to rulings upon evidence were noted. Such rulings appear to us to be correct, and not of sufficient importance to justify detailed consideration.

It appeared upon the trial that the defendants, or their predecessors under whom they claimed, had been in occupation of the premises in question since May 1st, 1887, and as stated by the court in its charge to the jury, the question of fact was largely whether a lease for a fixed term of time was agreed upon in May, 1887, or whether no time was agreed upon. The plaintiff claimed no time was agreed upon, and that the agreement was governed by General Statutes, § 2967, and constituted a letting from month to month that would terminate at the end of any month. Under this claim it appeared that the notice to quit was served on the defendants August 2d, 1894, (not on July 24th, 1894, as stated in the complaint) fixing the day to quit as August 20th, 1894. The plaintiff also testified that he did not recognize the defendants as tenants, but regarded them as interlopers, since the first of August, 1894, and claimed the lease was continued from month to month until August 1st, 1894. The defendants, claiming, as aforesaid, that the lease was for a year and had not expired, " also claimed and offered evidence to prove, that even if the agreement was to be construed as a letting from month to month, they entered into possession of the premises and occupied the same during the whole month of July, 1894, and that they had paid the rent therefor for said month of July, with the knowledge and consent of the plaintiff; and they claimed that the allegations in the complaint, that they had hired the premises in question for the term of one month from the first day of June, 1894, and that said lease had expired by lapse of time, and that the lessee neglected and refused to quit possession of said premises, and that they still hold over the terms of said lease and retain the possession thereof, were not true; and they asked the court to say to the jury that even if it was found by them to be a monthly letting, still if the defendants occupied said premises during July, 1894, as tenants with the knowledge and consent of the plaintiff, that the relation of

landlord and tenant continued between them during said month of July, and that the plaintiff could not recover in this action upon the allegations in his complaint. The court refused to charge the jury on this point as requested by the defendants, and the defendants duly excepted thereto."

It will be observed that the claim made, as embraced in the language above quoted, is not that upon the facts therein recited, and assuming that the plaintiff recognized the defendants as lessees during July, 1894, the relation of landlord and tenant continued between the parties during the month of August, 1894, and that therefore the lease had not terminated on August 20th, 1894, but continued throughout said month of August, 1894. And further, it will be seen, that it was not claimed that the plaintiff could not recover, except in the restricted sense that he could not do so upon the allegations of his present complaint; by reason, inferentially, of variance between allegations and evidence. But on the assumption that the lease expired July 31st, 1894, instead of June 30th, 1894—yet, since in that event also it expired before the service of the notice—the variance does not seem to us of sufficient materiality to require the court to charge the jury that it barred the plaintiff from recovery.

Under the circumstances we do not feel called upon to say what the duty of the justice would have been, if a radically different request had been made, namely, to charge concerning the effect of the defendants continuing in possession of the premises after the 31st of July, and until August 2d, 1894, without notice or objection from the plaintiff, if they found such to be the fact. While it is the duty of a court, without specific request, to give a jury such instructions as are not only correct but adapted to the issue before them, it is hardly in the interests of justice to apply that principle with inflexible rigor to the charge of a justice of the peace to a jury, in an action of summary process, in relation to a minor point in the case, not embraced in the main controversy, and not suggested in the claims of able counsel.

The charge is complained of in other respects, but it appears to us to have been correct, and in accordance with the

provisions of General Statutes, § 2967, that "no holding over by any lessee, after the expiration of the term of his lease, shall be evidence of any agreement for a further lease."

There is no error in the judgment complained of.

In this opinion ANDREWS, C. J., and HAMERSLEY, J., concurred.

BALDWIN, J. (dissenting). The statute of summary process necessarily puts a great power in the hands of every justice of the peace. It makes his judgment final, by denying any appeal, unless some error of law has been committed in the progress of the cause; but in that event it gives the right to resort to a writ of error.

This remedy by writ of error is defined and regulated by the common law. It is one *stricti juris*. Any error, whether great or small, apparent on the record, and which entered into the judgment, is fatal to the judgment. *Stalker* v. *State*, 9 Conn., 341, 344; *Selleck* v. *Rusco*, 46 id., 370, 373.

The defendants requested the court to charge the jury, among other things, as follows :—

" One who enters into the possession of real estate under an agreement for one year or more, who continues in possession, paying a yearly rent therefor, which is accepted as such, becomes a tenant from year to year; and if such tenant be suffered by the landlord to continue in possession without any new arrangement, he must be taken to assent to the continuance of the old arrangement on the original terms. * * *

" So after the expiration of a lease for one month, if the tenant hold over with the consent of the landlord, the law considers him as holding for another month upon the same terms as for the first month. If, therefore, you shall find that the letting was from month to month, and the defendants held over the possession of the premises after the first day of July, with the consent of the landlord, for another month, then the law considers this as a holding for the further term of one month, notwithstanding that subsequently, on the 2d of Au-

gust, 1894, the landlord gave the defendants written notice to leave the premises on the 20th day of August, 1894; and the plaintiff cannot recover in this action.

"Mere holding over, of and by itself, is no evidence of the continuance of the relation of landlord and tenant; but if the tenant holds over and the landlord consents to his holding, this is evidence and sufficient evidence to justify you in finding that the relation of landlord and tenant did continue for the term of at least another month.

"If the plaintiff agreed with Miller & Strickland that they could occupy these premises for one year from May 1st, 1887, and the defendants purchased the rights of Miller & Strickland, and are occupying said premises as their successors, with the knowledge and consent of the plaintiff, holding over the possession of said premises, they hold said premises and have the right to occupy the same for the same term of time as agreed upon in the original lease."

These instructions were refused, and instead, after charging the jury that if they found that no time was agreed upon in May, 1887, the letting would be, under our statute, one from month to month, and would terminate at the end of any month, the following language was used: —

"The defendants claim it was a lease for one year; that holding over after the expiration of the year renews the lease for another year; but I say to you that merely holding over is not evidence of a lease for another year; that you must find some other evidence, showing a meeting of minds on a new lease for another year. Otherwise, if no term is agreed on, it is simply a letting from month to month."

This was a misstatement of the defendants' claims as to a material point, that of the necessity of the landlord's consent to make a holding over operate as a renewal of the term; and it also failed to inform the jury what would be the result if they found that such consent was in fact given.

In one part of the bill of exceptions, the instructions requested are given as above stated. In another, they are referred to by way of narration in connection with the statement of the defendants' evidence, as follows: "And they

asked the court to say to the jury that even if it was found by them to be a monthly letting, still if the defendants occupied said premises during July, 1894, as tenants with the knowledge and consent of the plaintiff, that the relation of landlord and tenant continued between them during said month of July, and that the plaintiff could not recover in this action upon the allegations in his complaint." The opinion of the majority of the court lays some stress on the addition of the words "upon the allegations in his complaint;" and infers from them that the defendants had in mind, and put before the justice of the peace, only a question of variance, depending on the difference between the date of the notice to quit, and the day of its service. I do not think such inference warranted by the record. The plaintiff could, of course, recover, if at all, only on the allegations of his complaint. These stated a letting for a month, in June 1894. The defendants set up a letting for a year from May 1st, 1894. Both parties relied, in fact, on a letting to the defendants' predecessors in title in 1887, ever since which they or the defendants had been in possession. The plaintiff's own books showed that he had charged rent to the defendants up to September 1st, 1894, although he testified that he had intended to charge it only to August 1st. Under this condition of things, I think the jury could not pass intelligently on the merits of the cause without specific instructions as to the effect of a holding over, with the landlord's consent, both as to a lease for a month, and a lease for a year. The instructions requested by the defendants, and which have been quoted above, seem to me correct in substance and adapted to the case.

I think also that there were substantial errors in the exclusion of testimony.

On these points, I dissent from the opinion and judgment of the court. I concur in holding that there was no error in the rulings respecting the plea in abatement, the order for a bond, the denial of a jury of twelve, and the form of the notice to quit.

In this opinion TORRANCE, J., concurred.