ARTHUR E. LOOMIS *vs.* THE FIFTH SCHOOL DISTRICT.

AIME DEMARS *vs.* THE FIFTH SCHOOL DISTRICT.

First Judicial District, Hartford, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued January 4th—decided April 6th, 1929.

*Noble E. Pierce* and *Frederick R. Manning,* for the appellant (defendant).

*William S. Hyde,* with whom, on the brief, was *Raymond R. Bowers,* for the appellees (plaintiffs).

BANKS, J.   The plaintiff Loomis was the committeeman of the defendant school district in the town of Manchester and performed labor and furnished materials in the installation of water and toilet facilities in the defendant's schoolhouse.   He also as such committeeman employed the plaintiff Demars to erect an addition to the schoolhouse for the purpose of housing the toilet facilities, and the latter furnished labor and materials in the erection of such addition.   These actions were brought to recover in each case for the labor and materials furnished and were argued together.   The issues are the same, the defense in each case being that the plaintiff Loomis had no authority to perform the work for which he is seeking to recover,

or to employ the plaintiff Demars to build the addition to the schoolhouse.

The plaintiff was the duly elected committeeman of the defendant, whose corporate existence as a legally constituted school district is not questioned. At a special meeting of the school district held on September 11th, 1925, the question of installing modern sanitary improvements in the schoolhouse was tabled, and the meeting adjourned to the third Friday of June, 1926. On September 12th, 1925, the plaintiff Loomis as district committeeman requested the board of school visitors of the town to make an investigation of the sanitary conditions at the school and that it make recommendations to remedy these conditions. Two of the school visitors inspected the premises in accordance with a vote of the board, which, at a meeting held on September 17th, 1925, voted that the school district be directed to immediately install modern sanitary closets and lavatories together with running water, and on the same day notified the plaintiff that it found that different sanitary arrangements were required at the schoolhouse and could be provided without unreasonable expense, and recommended to him as committeeman of the district that modern closets and lavatories and running water be installed immediately. At a special meeting of the district held on October 6th, 1925, a committee was raised to make an investigation of the conditions in connection with the premises of the school and to report at an adjourned meeting to be held on December 7th, 1925. The committee made no report at this adjourned meeting and no action of any kind was taken regarding the installation of sanitary improvements. The minutes of the meeting of October 6th contained the following: "The voters being agreed that the committeeman install bubblers in the schoolhouse, otherwise to let the question of any

more improvements stand for two months." Immediately after that meeting the plaintiff Loomis caused to be installed in the schoolhouse running water and a lavatory, and shortly after the meeting of December 7th caused to be erected an addition to the schoolhouse one story in height and about twenty feet square, which was built by the plaintiff Demars, and installed therein sanitary and improved toilets including a septic tank and heating apparatus. The district took no steps to stop the work as it progressed and ever since its completion has been using the result of the work of both the plaintiffs which has increased the value of the schoolhouse and been beneficial to the children attending the school.

The trial court held that the defendant, having taken no steps to stop the work as it progressed and having accepted and used the sanitary improvements installed by the plaintiff, was estopped from denying liability therefor. That it was within the power of the defendant district to contract for the installation of sanitary improvements in the schoolhouse is not questioned. It could therefore ratify the action of the plaintiff Loomis in making such installation, though he had no original authority in the premises. The question is whether the record discloses such an acceptance of the plaintiffs' work as to make the defendant liable to pay for the same either upon the ground of ratification or estoppel. A few decisions may be found to the effect that nothing short of affirmative corporate action will constitute ratification by a public corporation of a contract entered into on its behalf without authority. If the contract in question is beyond the scope of the corporate powers conferred upon a public corporation, or is illegal or forbidden by statute there can be no ratification or estoppel. As to contracts which are within its power to make we can perceive no reason

why a public corporation should not be bound by ratification or estoppel upon the same principles and to the same extent as are natural persons or private corporations. Accordingly a municipal corporation may be held to have ratified an unauthorized contract by retaining the benefit under circumstances which estop it from denying its liability. *Norwalk Gas Light Co.* v. *Norwalk*, 63 Conn. 495, 522, 28 Atl. 32; *Vito* v. *Simsbury*, 87 Conn. 261, 87 Atl. 722; 3 McQuillin on Municipal Corporation (2d Ed.) § 1360. Where one retains goods received in part performance of a contract a promise to pay for them is ordinarily implied since he has an option either to pay for or return them. So where a school district retains and uses school supplies and equipment purchased under invalid contracts it is liable for their purchase price. *Springfield Furniture Co.* v. *School District No. 4*, 67 Ark. 236, 54 S. W. 217; *Union School Furniture Co.* v. *School District No. 60*, 50 Kan. 727, 32 Pac. 368. Where, however, work is done upon one's land, the benefit cannot ordinarily be returned and an acceptance of the benefit will not be implied from the mere retention of possession of the land. *Kelley* v. *Hance*, 108 Conn. 186, 189, 142 Atl. 683. In *Turney* v. *Bridgeport*, 55 Conn. 412, 12 Atl. 520, a school committee entered into a contract for the erection of a school building at a cost which exceeded the limit fixed by the vote of the town. The building was completed and used by the town for a school. It was held that the town was not liable for the excess cost upon the ground of ratification or estoppel, since it had no election to refuse the benefits of the unauthorized contract without giving up the part of the building which it rightfully owned and had paid for. Where unauthorized repairs were made upon a schoolhouse which the district continued to occupy as a school, it was held that there was no ratifica-

tion of the contract since the district had no chance to reject the unauthorized work without abandoning the house entirely which it was not bound to do. *Davis* v. *School District No. 2,* 24 Me. 349. Where, however, a new school building has been erected under an unauthorized contract and the school district has taken possession and used it for school purposes, such use has been held to constitute a ratification of the unauthorized contract. *Bellows* v. *District Township of West Fork,* 70 Iowa, 320, 30 N. W. 582; *Fisher* v. *School District No. 17,* 58 Mass. (4 Cush.) 494; *Sullivan* v. *School District No. 39,* 39 Kan. 347, 18 Pac. 287; *Chapin* v. *School District No. 2,* 30 N. H. 25. Liability in these cases is based upon the fact that the defendants had an opportunity to accept or reject the work and elected to accept it by taking possession of the building and using it for the purposes of the district. That is the situation here. The sanitary improvements were installed in an addition to the schoolhouse erected by the plaintiff Demars. The defendant could have continued the school, using the outside toilets as before, had it chosen to do so. It elected to make use of the result of plaintiff's work and to accept the benefits of the same.

One of defendant's claims is that it is not estopped to deny liability by reason of its use of the sanitary improvements, since that use was forced upon it by the same committeeman who ordered the work without authority. If the plaintiff Loomis was without authority to order the work done, he could not of course bind the defendant by assuming to ratify his own unauthorized act. He was the district committeeman and as such had charge of the school during his term of office. That term expired July 14th, 1926. Whatever may be said as to the effect of the use of these sanitary improvements during the time that

Loomis was in charge of the school, the continued use of them by the district after his term of office expired justified the conclusion of the trial court that the defendant had accepted the benefit of the plaintiffs' work and was estopped to deny liability for it.

There is no error.

In this opinion the other judges concurred.