THOMAS S. COLEMAN ET AL. *vs.* DAVID S. BRIGHAM.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 11th—decided July 5th, 1932.

*Robert H. Alcorn,* for the appellant (defendant).

*Arthur Klein,* for the appellees (plaintiffs).

BANKS, J. The plaintiffs leased an apartment to the defendant for a period of eighteen months terminating October 1st, 1930, by a written lease reserving an annual rental of $1920, payable in monthly payments of $160 each. Prior to the expiration of the lease the plaintiffs informed the defendant that if he intended to occupy the premises he must sign a lease for at least a year. The defendant said he was considering moving and did not care to sign for a year, but offered to sign a lease for one month. He was told that he must lease for a year or vacate. Thereafter the plaintiffs, believing that the defendant intended to sign a lease for another year, had such a lease prepared and delivered at defendant's office about the middle of October. Defendant did not execute the lease but remained in the apartment, and on November 28th, 1930, wrote the plaintiffs that he would vacate the apartment not later than December 31st, 1930, which he did, having paid the rent in full up to that date. The apartment

remained vacant until April 1st, 1931, when a new tenant was procured. This action is to recover rent for the months of January, February, and March, 1931. The trial court ruled that the defendant became a tenant under a lease for one year, and was liable for the rent for the three months during which the apartment was vacant.

The plaintiffs' contention, which was sustained by the trial court, is that, since the defendant remained in possession after the termination of his lease, with the consent of the plaintiffs, a tenancy from year to year was created. The defendant contends that the case comes within the operation of General Statutes, § 5021, which provides that "no holding over by any lessee, after the expiration of the term of his lease, shall be evidence of any agreement for a further lease," and that the court erred in ruling, upon the facts set forth, that the defendant, after the expiration of his written lease, became a tenant under a lease for a further year.

In the absence of controlling legislation, it has generally been held in this country that if a tenant for a year or a term of years holds over the term the landlord may at his option hold him for another year. By remaining in possession without any new arrangement the tenant is regarded as offering to take the premises for another year upon the terms of his tenancy which has just expired. The landlord is not bound to accept the offer; he may treat the occupant as a trespasser or a tenant by sufferance. If he does accept it by receiving rent, or some other act of acquiescence, a tenancy from year to year results by implication of law. 16 R. C. L. 1163; *Gladwell* v. *Holcomb*, 60 Ohio St. 427, 54 N. E. 473. Such was formerly the rule in this State as stated by Judge Swift: "Where a tenant holds over his term, with the consent of the landlord, he will be a

tenant from year to year; where he holds over without his consent, he is a tenant by sufferance." 1 Swift's Digest, s. p. 91; *Bacon* v. *Brown*, 9 Conn. 334. Under the common-law rule, the status of the tenant holding over after the expiration of his term was within the absolute control of the landlord, who might treat his continuing occupancy of the premises as a trespass or as an offer to take them for another year. His liability was one imposed by law and enforceable as a quasi-contractual obligation. 16 R. C. L. 1164; 2 Tiffany, Landlord & Tenant, 1472. Our inquiry is as to the purpose and intention of our statute providing that no holding over by the lessee shall be evidence of an agreement for a further lease, and its effect upon the common-law liability of the lessee. It is to be assumed that in the enactment of this statute the legislature intended to make some change in the existing law as to the effect of the holding over by a lessee after the expiration of the term of his lease. *Silver* v. *Silver*, 108 Conn. 371, 375, 143 Atl. 240. The common-law rule under which the tenant, through his failure to vacate the premises upon the very day of the expiration of his lease, might, at the option of his landlord, be held for a full year's rental, may have seemed so harsh as to warrant legislative change. While the common-law liability of the tenant holding over was one by implication of law and enforceable as a quasi-contractual obligation, the relationship of landlord and tenant held to result from the holding over is, after all, a contractual one, and the tenant, by remaining in possession, is deemed to have agreed to a tenancy from year to year though this may have been contrary to his actual intention. When our statute, therefore, provided that the holding over should not be evidence of such an agreement, it abrogated the common-law rule that a holding over with the consent of the land-

lord created a tenancy from year to year. Under the statute a tenancy from year to year is no longer created by a holding over with the consent of the landlord, but can be established only by an agreement to that effect by both parties. In *Miller & Co.* v. *Lampson,* 66 Conn. 432, 34 Atl. 79, we held that the trial court, in view of the provisions of the statute, correctly charged the jury that a mere holding over was not evidence of a lease for another year, and that they must be satisfied from other evidence showing a meeting of the minds of the parties before they could find a new lease for another year. In *City Coal Co.* v. *Marcus,* 95 Conn. 454, 114 Atl. 668, we reiterated our approval of the charge in *Miller & Co.* v. *Lampson,* and held that the case came within the operation of the statute. The action was one of summary process in which a notice to quit was served upon the tenant six days after the termination of the lease which negatived any consent by the landlord to the holding over, and consequently any agreement for a further lease. In *Griswold* v. *Branford,* 80 Conn. 453, 68 Atl. 987, there was a parol lease for two years, and before its expiration a renewal, by parol, for two years more. The tenant continued in possession for several months after the expiration of the first lease, but paid no rent, the lease providing for payment at the end of the year. We there said that the statute did not prevent a tenancy from being established by other recognized means, such as supplementing proof of the agreement nonenforceable under the statute of frauds with proof of acts of the parties disclosing a recognition by them of a tenancy in fact under it. That was not a case to which the statute was applicable, since the tenant was in possession under the second parol lease, which, though not enforceable under the statute of frauds, created, when the lessee took possession

under it, a tenancy from year to year. *Boardman Realty Co.* v. *Carlin,* 82 Conn. 413, 74 Atl. 682. *Williams* v. *Apothecaries Hall Co.,* 80 Conn. 503, 69 Atl. 12, was a summary process action in which the complaint alleged a lease for one month and a continuance in possession by the tenant for a number of years thereafter, and we held that the court did not err in describing the tenancy as one from month to month, and charging the jury that it was by proper notice terminable at the end of any month for which it had come into existence.

It is apparent that the plaintiffs' contention that the holding over of the defendant with their consent created a new tenancy for a year is unsound. That would have been the result prior to the enactment of the statute. Under the statute the holding over, even with the consent of the landlord, did not create a new tenancy for a year in the absence of evidence of an agreement to that effect. The court has not found that there was such an agreement, and its conclusion that the defendant became a tenant under a lease for a year is apparently based upon the assumption that that result followed from the holding over with the consent of the plaintiffs. The defendant paid rent for the three months that he continued in possession after the expiration of his lease. This was not, under the circumstances, necessarily a recognition of a tenancy for a year. *Griswold* v. *Branford, supra,* p. 458. He had told the plaintiffs that he was seriously considering moving to a single house, and had offered to sign a lease for a month but declined to sign one for a year. Upon these facts there could not reasonably be found an agreement on his part to become a tenant for another year.

Since neither of the parties makes any claim that their respective rights are, under the circumstances of

this case, affected by the provision in the lease with regard to a holding over without the written consent of the landlord, we shall assume that it does not materially affect them.

There is error, the cause is remanded with direction to the Court of Common Pleas to enter judgment in favor of the defendant.

In this opinion the other judges concurred.