[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These summary process actions were brought by the owner of a mobile manufactured home park against four residents of the park who own their mobile homes for failure to agree to a proposed rent increase. Each defendant has raised special defenses.
Conn. Gen. Stat. sec. 21-80(b)(1) limits the ability of the owner of a mobile manufactured home park to maintain a summary process action against a resident who owns the mobile manufactured home to one or more of an enumerated list of reasons. Section 21-80(b)(1)(D) states one permissible reason, that is, "[failure] by the resident to agree to a proposed rent increase, provided the owner has complied with all provisions of subdivision (5) of this subsection." Subdivision 5 provides CT Page 623 "Nothing in this subsection shall prohibit an owner from increasing the rent at the termination of the rental agreement if (A) the owner delivers a written notice of the proposed rent increase to the resident at least thirty days before the start of a new rental agreement; (B) the proposed rent is consistent with rents for comparable lots in the same park; and (C) the rent is not increased in order to defeat the purpose of this subsection."
On August 16, 1988, plaintiff delivered written notice to each defendant of his intent to raise the rent to $210.00 per-month effective October 1, 1988. On June 21, 1989, defendant Hornish was sent a letter advising him of the arrearage then due and giving him 21 days to pay it in accordance with Conn. Gen. Stat. sec. 21-80(b)(3). Similar letters were sent to defendants Avery (August 11, 1989), Conroy (November 15, 1989) and Cunningham (November 15, 1989). Notices to quit were then served on July 13 (Hornish), September 6 (Avery), December 11 (Conry) and December 12 (Cunningham).
Each defendant has raised as a special defense plaintiff's attempt to increase the rent during the term of the rental agreement. Conn. Gen. Stat. sec. 21-70(b) prohibits rental of a mobile manufactured home space or lot until a written rental agreement has been signed by the resident and the owner. "The term of such rental agreement shall not be less than one year" unless the resident requests a shorter term. Section 21-70
(b) further requires that all renewals offered by the owner to a resident be in writing. Defendants commenced occupancy in plaintiff's park on different dates. Mr. Hornish's lease agreement began July 1, 1985, at a yearly rent of $1,500.00, payable in monthly installments of $125.00, and ran for one year. Mr. Avery's lease began March 1, 1983, for a one year term, at a yearly rent of $1,380.00, with month installments of $115.00. The lease of John Cunningham began December 1, 1985, for one year, at an annual rent of $1,500.00 payable in monthly installments of $125.00. Mr. Conroy's lease commenced May 1, 1983, for a term of one year. The annual rent of $1,380.00 was payable in monthly installments of $115.00.
At trial, the evidence established that, after the term of each initial lease, no new lease agreements were executed in writing between these parties. However, each had been paying $150.00 per month in rent prior to the August, 1988 notice of an increase to $210.00. That increase was occasioned by the park's connection to a sewer system. In February, 1987, plaintiff offered defendants, through counsel, a choice of paying a $946.00 connection fee in a lump sum or through an increase in the monthly rent to $210.00 commencing April 1, 1987. In April, 1987, counsel requested a declaratory ruling from the CT Page 624 Commissioner of Consumer Protection on the propriety of that proposal. A declaratory ruling issued. Plaintiff then notified defendants in August, 1988 of his proposed rent increase effective October 1, 1988.
Plaintiff contends that, following the expiration of each rental agreement, each of these defendants has been a month to month tenant. Defendants have argued that the statutory scheme set up in Section 21-70(b) creates year to year tenancies. Defendants further argue that the common law recognized year to year tenancies to arise if the tenant held over after the expiration of a fixed term of one year. The Supreme Court, in another context, described the mobile home park statutes as giving to the original lessee the option "to extend the term of the original lease indefinitely. . . ." Eamiello v. Liberty Home Sales, Inc., 208 Conn. 620, 642 (1988). It is true that each defendant here paid rent on a monthly basis, both under the initial written rental agreement and after its expiration. That fact, standing alone, is insufficient to create a month to month tenancy. Indeed, prior to the enactment of what is now Conn. Gen. Stat. sec. 47a-3d, the common law was that "if the tenant held over after the expiration of a fixed tenancy of one year, he was responsible to the landlord for another year upon the same terms. Bacon v. Brown, 9 Conn. 334,338. But this was at the option of the landlord and he could either acquiesce in the tenancy or refuse and treat the tenant as a trespasser or a tenant by sufferance. If he received the yearly rent or otherwise indicated his acquiescence, a tenancy from year to year resulted by operation of law. Coleman v. Brigham, 115 Conn. 286, 288. . . ." Shulman v. Hartford Public Library, 119 Conn. 428, 432 (1935).
In each of these cases, the parties agreed to rent increases until the instant controversy arose. Although plaintiff did not, prior to 1988, reduce the offer to renew to writing in compliance with Conn. Gen. Stat. sec. 21-70(b), the parties treated the tenancy as a year to year one. The mobile home park statutes seem to contemplate that as well. That being the case, plaintiffs' rent increase announced in August, 1988 effective October 1, 1988, was in the midst of ongoing lease terms. For Mr. Hornish, his term ran through June 30, 1989; Mr. Avery's ran through February 28, 1989; Mr. Cunningham's through November 30, 1988 and Mr. Conroy's through April 30, 1989. The August notice was therefore untimely.
Judgment will enter for the defendant in each case.
WENDY W. SUSCO JUDGE, SUPERIOR COURT CT Page 625