Turney v. Town of Bridgeport.

GEORGE TURNEY *vs.* THE TOWN OF BRIDGEPORT.

Fairfield Co., Oct. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and STODDARD, Js.

A town appointed a committee to procure plans and estimates for a public school-house, and to contract for the erection of the building, at a cost not to exceed $55,000. Held that the committee had no power by its contracts to render the town liable for a larger sum.

And held that a person contracting with the committee for the construction of the building was bound to take notice of the limitation on their power.

The building was erected on land purchased by the town for the purpose, and was occupied by the town as a school-house after it had received notice that the builder claimed a larger amount than could be allowed him under the appropriation. Held not to make the town liable beyond the appropriation.

The plaintiff was the principal contractor for the erection of the building,

but the heating, ventilation and plumbing were excepted from his contract, and taken by other parties at an agreed price. Held that, in making a contract with the committee for additional work and compensation, he was put upon inquiry as to the amount that would be required for the payment of the other contractors.

The town by a vote, passed while the building was being erected, laid a tax of two mills on a dollar to be applied on the building account. Held, in the absence of any other evidence of the intent of the town, not to be equivalent to a further appropriation for the building.

A ratification of an unauthorized act of an agent of a town must be made by the town in a lawful manner, and as a rule directly and not by implication, and with full knowledge of all material facts.

[Argued November 2d—decided December 5th, 1887.]

ACTION to recover for work done and materials furnished in the erection of a high-school building for the defendant town; brought to the Superior Court in Fairfield County, and tried to the jury before *Fenn, J.* The complaint claimed $35,000 damages. The jury returned a verdict for the plaintiff for $2,180, and he appealed to this court on the ground of error in the rulings and charge of the court. The defendant also appealed, claiming that the plaintiff had already received more than he was entitled to, but its counsel informed the court that they should not press their appeal if the court should consider the plaintiff, upon his appeal, entitled to no greater amount than that of the verdict. The case is sufficiently stated in the opinion.

*G. Stoddard* and *D. Davenport,* for the plaintiff.

*R. E. De Forest* and *J. A. Joyce,* with whom was *A. B. Beers,* for the defendant.

STODDARD, J. The town of Bridgeport, at a special town meeting, held February 16th, 1880, voted—

"That J. S. Hanover, Nathaniel Wheeler, E. W. Marsh and George C. Waldo be, and they are hereby, appointed agents of the town to obtain plans, specifications and estimates for the building of a public school-house, and, when the same shall have been approved by the school and building committee, to contract for the erection thereof on the site selected by the town, at a cost not to exceed the sum

of $55,000, and that the town appropriate said sum to defray the expenses of erecting the same."

By this resolution of the town the appropriation to build the school-house was restricted to the sum of $55,000, and the power of the committee to expend money was limited to that sum named in the vote.

In Connecticut towns are territorial subdivisions of the state, created at the will of the legislature for the more convenient administration of local, public and governmental affairs. They have no powers except those conferred by express enactment or necessarily implied to carry into effect the object and purposes of their being. Agents of towns have no general authority; their powers are measured and limited by the express language in which authority is given or by the implication necessary to enable them to perform some duty cast upon them by express language. Persons dealing with towns through the medium of committees and other agents of towns, must at their peril take notice of the scope and measure of the powers of such committees and agents. Towns are *quasi* corporations, and in their characteristic qualities radically differ from trading and commercial corporations as to liability arising from acts of agents. And in some essentials towns differ from ordinary municipal corporations, whose chartered powers are conferred at the request of the inhabitants, and to effectuate in some degree and to some extent purposes not public or governmental. Public duties and obligations are cast upon towns by the legislative power without reference to the will of the inhabitants of the town. Every inhabitant of the town is a member of the *quasi* corporation, and his individual property may be levied upon to satisfy executions against the town. *Webster* v. *Harwinton*, 32 Conn., 131; *White* v. *Stamford*, 37 id., 586; *Ladd* v. *Franklin*, id., 65, 66 ; *State ex rel. Coe* v. *Fyler*, 48 id., 158; *East Hartford* v. *Am. Nat. Bank*, 49 id., 553.

The plaintiff contracted with the committee named by a written contract, wherein the resolution of the town was recited in full, and he contracted to build and finish the

school-house according to certain plans and specifications, except the heating, ventilation and plumbing, for the sum of $42,250.

The plaintiff either knew as matter of fact the amount of the contract price for the part of the work excepted in his bid, or at least was put upon inquiry, and could easily have ascertained the amount, and must be treated as contracting with reference to the actual contract expense of such excepted parts of the work.

The plaintiff has recovered a verdict for substantially all the difference between the contract prices and the amount appropriated, and is in no wise damaged by the claimed erroneous rulings, unless he has a right to recover of the town beyond the amount so appropriated. He places his right to recover a sum above the sum appropriated upon two general theories: 1st, that the committee in question, or the board of education, or both bodies acting in reference to the matter, have made another and different contract with him, by which they promised, and bound the town, to pay a sum above the $55,000, for the construction of the school-house, and that, acting under that new and different contract, he has expended about $26,500 above his original contract price; and, second, that the town, by its action, has ratified and confirmed the acts of its agents in thus attempting to create such additional obligation.

We think it clear beyond discussion that when a town, by legal vote, limits the amount of an appropriation for a particular and specified purpose, and by the same vote appoints a committee to carry that purpose into effect, such committee has no implied authority to involve the town in any additional expense whatever.

This result must follow from the political and peculiar character of the town corporation, and the fact that the property rights and interests of each inhabitant are involved in every contract made by or in behalf of the town. The town cannot contract except by vote passed at a legal town meeting or in strict accordance with the positive provisions of some statute.

Precedents in relation to the liabilities of trading and commercial companies, and even relating to many municipal corporations, have no real bearing. The action of the town in thus acting specifically upon the subject-matter, divested the committee and the board of education of all power and authority except to contract in precise conformity to the vote of the town.

The claims of the plaintiff in this particular would, if upheld, subvert the whole system of town supervision of school matters, and leave the individual inhabitant of the town at the mercy of combinations between contractors and committees of towns.

Assuming that the plaintiff made an agreement with some persons or committee claiming to represent the town in that particular, under which agreement he expended some $26,000 or $27,000 more than the contract price, the plaintiff says that the defendant town accepted the results of that agreement, accepted and retained the fruits of the bargain and the benefits of the plaintiff's labor and property expended under such attempted contract, and ratified and confirmed the acts of the committee in various ways.

In the first place, the plaintiff claimed that the town, on the 22d day of February, 1881, made an additional appropriation of $23,252 for the payment of any sums that the plaintiff might be entitled to receive for constructing the building. To prove this, he offered in evidence a resolution of the town to the effect that a tax of two mills be laid, to be applied to high-school building account. But there is absolutely nothing in the resolution, or in the facts claimed or proved, to indicate that the town meant thereby to involve itself beyond the amount already appropriated, or to appropriate any additional sum to the erection of the building. There is no pretense that at this time the town, in its corporate capacity, had received any notice that the plaintiff claimed beyond his original contract price.

Again, it is said that the committee on building and the school committee, on behalf of the town, took possession of the building after it was finished, furnished it, and used it

for school purposes, and that the town has in this way the benefit of the plaintiff's labor and materials to the amount claimed in the complaint wholly unpaid for.

It is admitted that the building was erected upon a lot owned by the town. The plaintiff knew this fact when he built the structure. The plaintiff made no sort of claim upon the town for any payment beyond the amount appropriated until long after the building was accepted and in use as a school building and the town had paid the plaintiff his contract price and something for extras. There is nothing to show that the committee recognized the plaintiff's right to recover beyond that sum.

Even if the town had received notice that the plaintiff claimed beyond the appropriation before the building was used as a school building, we think it plain that the town had a right to take and continue the possession of the building without incurring liability by that act. The town had no election in the premises. The building had been erected upon a lot owned by the town, for the specific purposes of a school-house lot and building. The town had instructed its committee to make a contract, with a certain definite limitation as to the amount of the cost of the building, and the plaintiff knew perfectly well that the committee, neither directly nor indirectly, had any power to contract beyond the letter of that vote.

The town had paid a large sum for the lot and a large sum to the plaintiff. Under the circumstances it is impossible for us to say that this public, political corporation could not use this building for a public school-house because the plaintiff claimed that he had entered into an agreement with the building committee in conscious disregard of the restraints and limitations of their power. There is no authority for the plaintiff's position.

The plaintiff further claims that there was such a physical impossibility of constructing the building according to the plans and specifications, that there was no meeting of the minds of the contracting parties, and that therefore the

plaintiff was entitled to recover what his work and labor were reasonably worth.

Whatever uncertainty or incongruity or mistake may be said to exist in reference to other parts of the arrangement, it is conceded that the plaintiff well knew that no larger sum than $55,000 could, under the vote of the town, be lawfully expended on that building. The law will not justify him in attempting to get more out of the town than such lawful amount, even though he may allege that some agent or agents of the town have joined him in making such attempt.

We have touched only generally upon one controlling feature of this case. The rules of law, declaring that an agent of a town must pursue his authority strictly; that if he goes beyond his written authority his act is not valid; that persons dealing with such agents must look to the corporate act of the town as the source and limit of the powers of the agent; that any claimed ratification of previously unauthorized acts of such agent must be done by the town in a lawful manner, and, as a rule, directly, and not by implication, and must be made with full knowledge of all material facts; and that no *estoppel in pais* can be created, except by conduct on the part of the town which the person claiming the estoppel has the right to and does in fact rely on—these are essential to the due and orderly administration of our local public affairs, and should be applied in a spirit of fair respect to the rights of the individual taxpayer.

We think it is impossible to so construe the law as to allow the plaintiff to recover as he claims.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.