Argued October 28, affirmed November 30, rehearing denied December 21, 1915.

## RUSH *v*. SCHOOL DISTRICT NO. 5.

(153 Pac. 59.)

**Schools and School Districts—Contracts—Construction of Buildings— Liability.**

1.  Plaintiff contracted with defendant to build a school building for a specified sum, and agreed that no extras should be added except upon the signed order of the architect.  The defendant had been authorized to issue bonds in the sum of $50,000 to pay for the improvement.  After deducting the sum of the plaintiff's original contract, there was less than enough money remaining from the sale of the bonds to pay for the contracts entered into in the construction and for extras ordered by the architect of the plaintiff.  *Held*, that plaintiff could recover for the extras furnished, since he had a right to rely on the school board's keeping further expenditures, aside from his contract, within the appropriation, and as his contract was valid when executed, action of the board in exceeding the appropriation in other details could not prevent his recovery.

> [As to conclusiveness of decision of architect or engineer under working contract, see note in Ann. Cas. 1913A, 180.]

From Union: JOHN W. KNOWLES, Judge.

In Banc.   Statement by MR. JUSTICE BENSON.

This is an action by G. H. Rush against School District No. 5 of Union County, Oregon.   The facts are as follows:

The citizens of School District No. 5, Union County, voted for the issuance of bonds to the amount of $50,000, for the purpose of building and furnishing a

schoolhouse. The sale of the bonds realized the sum of $50,203.77. Various sums were thereafter expended for a building site and incidental expenses, leaving a balance of $47,412.21 in the fund on March 18, 1911, at which time the board of directors of the district entered into a contract with plaintiff for the erection and completion of a school building, with the exception of the plumbing, heating and ventilation. The amount stipulated to be paid to plaintiff therefor was $35,940. Article III of the contract contains the following:

"No alterations shall be made in the work except upon written order of the architect; the amount to be paid by the owners or allowed by the contractor by virtue of such alterations to be stated in said order."

Thereafter a contract was let to another party for the plumbing and heating and ventilating plants, in the sum of $10,650. During the construction of the building the plaintiff was directed by the architect, in written orders, to do certain extra work amounting to $3,013.33, making his total claim $38,953.33, and this was paid, except the sum of $2,020.33, for the recovery of which this action is brought. It appears from an examination of the record that the total amount, including the interest, derived from the sale of the bonds was $51,348.13, all of which has been expended, and that plaintiff's claim herein, and a small portion of the indebtedness incurred for plumbing, heating and ventilating, remain unpaid. From a judgment in favor of plaintiff, defendant appeals.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief with oral arguments by *Mr. R. J. Kitchen* and *Mr. James D. Slater.*

For respondent there was a brief with oral arguments by *Messrs. Crawford & Eakin.*

MR. JUSTICE BENSON delivered the opinion of the court.

The principal contention of defendant is that the legal voters had authorized the issue and sale of bonds to the extent of $50,000, the proceeds of which were to be expended in the erection of a school building, that any greater indebtedness incurred thereon is *ultra vires,* and that therefore plaintiff cannot recover in any event. Counsel for defendant concede that a contract which is valid at the time of its execution cannot be invalidated by subsequent events over which plaintiff has no control, but insists that this doctrine has no application to the facts of this case; that the sum of $47,412.21 was not available at the time plaintiff's contract was executed, because the contract for plumbing, heating and ventilating to the extent of $10,650 should have been deducted therefrom, and in support of this position relies upon the authority of *Turney* v. *Bridgeport,* 55 Conn. 412 (12 Atl. 520). We have examined this case very carefully, but do not find that it supports that contention. The court, speaking by Mr. Justice STODDARD, says:

"The plaintiff contracted with a committee named by a written contract, wherein the resolution of the town was recited in full; and he contracted to build and finish the schoolhouse according to certain plans and specifications, except the heating, ventilation, and plumbing, for the sum of $42,250. The plaintiff either knew, as matter of fact, the amount of the contract price for the part of the work excepted in his bid, or at least was put upon inquiry, and could easily have ascertained the amount, and must be treated as contracting with reference to the actual contract expense

of such excepted parts of the work. * * He places his right to recover a sum above the sum appropriated upon two general theories: First, that the committee in question, or the board of education, or both bodies acting in reference to the matter, have made another and different contract with him, by which they promised, and bound the town, to pay a sum above the $55,000 for the construction of the schoolhouse, and that, acting under that new and different contract, he has expended about $26,500 above his original contract price.''

It will be seen at once that in that case the plaintiff's own contracts far exceeded the total appropriation, and, further, it must be inferred that the contract for plumbing, etc., was already in existence at the time when plaintiff's agreements were entered into. The respondent could not be expected to contract with reference to facts and conditions which were not then in existence. Since at the time when he executed his agreement with the board, including the extra work referred to therein, there were still several thousand dollars in the fund, in excess of his compensation, he had a right to expect the board of directors to keep their further expenditures within the appropriations. We conclude, therefore, that plaintiff's contract was valid at the time it was executed, and that the subsequent action of the board of directors in exceeding the appropriation in other details cannot prevent plaintiff's recovery.

The views expressed herein render it unnecessary to discuss the other questions submitted.

The judgment of the lower court is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. JUSTICE EAKIN did not sit.