THE E. R. THOMAS MOTOR CAR COMPANY *vs.* THE
TOWN OF SEYMOUR.

. Third Judicial District, New Haven, January Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

As a general rule, the burden of proving the agent's authority rests upon
the party who asserts the liability of the principal.

In this State the authority of an agent to act in behalf of a town must
be expressly conferred either by statute or by a vote of the town:
such agents have no implied or general powers.

One who undertakes to deal with a town through the medium of com-
mittees or other municipal agents, must take notice, at his peril,
of the scope and measure of their powers.

In the present case the defendant town voted to appropriate $4,000
toward purchasing a chemical and hose truck, provided the bal-
ance necessary to purchase it be obtained from other sources; and
appointed a committee to buy such truck as they should judge
most suitable, when the necessary funds had been secured. *Held*
that no authority to make the purchase was conferred upon the
committee until the necessary funds had been obtained; that the
burden of proving the fulfilment of this condition rested upon the
plaintiff company which sought to hold the town responsible for
$5,500, the price of the truck in question; and that for its failure
to make such proof the plaintiff was properly nonsuited.

Argued January 16th—decided March 12th, 1918.

ACTION to recover for a chemical hose and pumping
engine alleged to have been sold to and purchased by
the defendant town, brought to the Superior Court in
New Haven County where the plaintiff was nonsuited
in a trial to the court, *Case, J.*, and from its refusal to
set aside said judgment the plaintiff appealed. *No error.*

The written instrument relied upon by the plaintiff
purported to be a contract between the parties wherein
the plaintiff agreed to sell and the defendant to buy a
combination chemical hose and pumping engine for
$5,500. The signers upon the part of the town were the
individuals constituting the board of selectmen and

those constituting the board of fire engineers of the town.

The town of Seymour in town meeting on February 10th, 1916, passed the following votes:—

"Voted. That the sum of four thousand dollars be appropriated towards defraying the expense of the purchase of a combination auto chemical and hose truck, provided that the balance of the sum necessary for the purchase of such truck be obtained from other sources.

"Voted. That the selectmen and the Board of Fire Engineers of the town of Seymour be and they are hereby appointed a committee to purchase such combination auto chemical and hose truck as they shall judge most suitable for the needs of the town when the necessary funds for such purchase shall have been secured."

*George E. Beers* and *Robert J. Woodruff*, for the appellant (plaintiff).

*Edward A. Harriman*, for the appellee (defendant).

SHUMWAY, J. The question presented to this court is the claimed error of the trial court in denying the motion to set aside the nonsuit.

Towns in this State can make a contract only through their authorized agents. As a general rule in any case, when it appears that the principal is acting by an agent, the burden is upon the party claiming that the principal is bound by the agent's acts, to prove the authority of the agent to represent and act for the principal, and such authority usually is express or implied. There can be no implied authority for any agent to act for a town. Such authority must be expressly given, either by statute or by a vote of the town. Agents of towns have no general authority; their powers

are limited by the express language in which the authority is given, or by the implication necessary to enable them to perform some duty cast upon them by express language.

Persons dealing with towns through the medium of committees or other agents of the towns, must at their peril take notice of the scope and measure of the powers of such committee or agent. *Turney* v. *Bridgeport,* 55 Conn. 412, 12 Atl. 520.

Laying aside the obvious mistake in describing the defendant as the *city* of Seymour, as well as any suggestion that the committee named by the vote of February 10th, 1916, had in no event any power to bind the town for the payment of any sum in excess of $4,000—the amount appropriated—, there is presented the question as to the power delegated to the committee to bind the town for the payment of any sum, as the purchase price of an "auto chemical and hose truck." As the town was undertaking to authorize the purchase of the fire apparatus, the two votes or parts of a vote, appointing the committee and making an appropriation, should be considered together as one vote. There can be no doubt that the town intended to limit the expenditure of the public funds to $4,000. That the vote of the town did not confer any authority upon the committee to make the purchase, unless "the balance of the sum necessary for the purchase of such truck be obtained from other sources," is clear, and only "when the necessary funds for such purchase shall have been secured," did this committee possess any power whatever to bind the town. The votes of the town were as much a part of the contract, so far as fixing liability upon the town, as they would have been had they been included in the written agreement. It would not be claimed that if the balance of the sum above $4,000 had not been obtained from other sources, and thus was

available either for town or the committee in order to pay for the machine, that there could be any liability on the part of the town to pay the entire purchase price.

It is not a mere technicality to place upon the plaintiff the burden of proving the fulfilment of a condition that must attach to and become a part of the agreement, since no obligation rests upon the town with respect to the agreement until the condition is fulfilled; while if the funds had been obtained and were at the disposal of the town or its committee or agent, the plaintiff would have no difficulty in proving it.

Involving, as it must, the expenditure of public funds, for which each individual taxpayer of the town is liable, it is proper that the plaintiff be required to prove every step necessary to show that the expenditure was obligatory upon the town. The plaintiff failed to prove that the sum necessary to pay for the truck had been obtained from other sources than the town treasury, and it was therefore properly nonsuited.

There is apparently a claim by the plaintiff that there is a liability on the part of the town to pay for the machine because it had been accepted. So far as can be gleaned from the evidence, the plaintiff failed to prove that the truck was accepted, and the plaintiff was notified soon after its arrival in Seymour that it was not, and it was requested to remove it.

There is no error.

In this opinion the other judges concurred.