EDWARD A. LUCIER vs. THE TOWN OF NORFOLK.

First Judicial District, Hartford, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A town school committee acts as agent of the law and not of the town; though for reasons of convenience the State has provided that the expense of the maintenance of schools shall be largely borne by the towns.

In order to bind the town to any payment or obligation, the town school committee must act within its statutory powers, and anyone dealing with it is bound at his peril to ascertain the extent of its authority and the terms of its action.

Public officers or agents are held more strictly within their prescribed
  powers than private general agents; and a contract made with a
  public agent within the apparent scope of his powers does not, if
  there be no estoppel, bind his principal in the absence of actual
  authority.

The plaintiff, who had furnished school transportation under a contract
  with a town school committee which provided that it might be
  renewed, if satisfactory to both parties, upon such terms and con-
  ditions as might be agreed upon, was asked, with others, to submit
  bids for such transportation at a price per day for the coming
  school year. The plaintiff submitted a bid at a price per week.
  The committee then voted to award the contract to the plaintiff
  at a stated sum per day which, when multiplied by the five days
  in the school week, equalled the price bid by the plaintiff, and S,
  the chairman of the transportation committee, notified the plain-
  tiff that he had been awarded the contract. The plaintiff trans-
  ported the children one day and then, being asked to execute a
  formal contract, refused, on the ground that his bid called for the
  weekly rate, not the daily rate, as stated in the formal draft. The
  committee then secured transportation elsewhere, and the plain-
  tiff sued the town for breach of contract. *Held:—*

1. That there was no meeting of the minds and hence no contract be-
  tween the plaintiff and the committee.

2. That S did not misstate the action of the committee, but if he had,
  the plaintiff was bound to know his lack of authority, and hence
  there was no basis for an estoppel.

3. That it was not necessary for the defendant in its pleading to allege
  S's lack of authority.

Argued October 2d—decided November 17th, 1923.

ACTION to recover damages for the alleged breach of
a contract to transport school children of the defendant
town to and from school over prescribed routes, brought
to and tried by the Superior Court in Litchfield County,
*Wolfe, J.;* facts found and judgment rendered for the
plaintiff, but for $35 only, from which he appealed.
*No error.*

The trial court found that the plaintiff, in 1920, con-
ducted at Norfolk a garage and auto livery business, and
in the school years beginning September, 1915, 1916,
1918, and 1919, had transported school children from
certain parts of that town to the Gilbert High School at

Winsted and the Center School in Norfolk, by means of automobiles and an auto bus, by virtue of a contract with the town school committee of said town. In 1919 he found it necessary to procure an auto bus of special length for use in this employment, and consulted the school committee with regard to its purchase and adaptation to the service required.

In response to a request for bids for thus transporting children for the school year of 1919–1920, beginning in September, 1919, the plaintiff submitted a bid which was accepted before the beginning of the school year and the plaintiff proceeded to render the services required. A written contract conforming to the previous oral agreement was executed between the plaintiff and defendant on October 6th, 1919, and is Exhibit 1 in the case. This contract covered three distinct routes: the West Norfolk route, the Five Mile River route, and the route from the village of Norfolk to Winsted. The rate fixed was $18 per day for transportation to Winsted, and $5 per day for the other two routes. By reason of the recent large expenditure for equipment, a supplementary agreement in writing at the instance of the plaintiff, was appended to the contract, reading as follows: "It is further agreed by and between the parties to the contract dated the 6th day of October, 1919, to which this is attached and of which this forms a part, Edward A. Lucier, party of the first part, and the Town School Committee, party of the second part, that at the expiration of the school year of 1919 and 1920, this contract may be renewed if satisfactory to both parties, upon such terms and conditions as may at that time be agreed upon.

E. A. Lucier

"Mary O'Connell     Norfolk Town School Committee.
"George Green.           By Henry C. Gidman,
                                    Chairman."

During the school year 1919–1920, the plaintiff performed the contract above mentioned.

The rule and custom of the school board provides for the appointment of a subcommittee known as the transportation committee. In July, 1920, one Fisk Stevens was the duly appointed chairman of the committee last named, and was acting as such.

In July, 1920, the school committee, in writing, requested the plaintiff, among others, to submit bids for the transportation of school children, for certain described routes, for the coming school year, specifying that all bids submitted should provide liability insurance covering all routes, requesting a price per day, and reserving the right to reject any and all bids; and further directing that all bids should be submitted to Fisk Stevens, as chairman of the transportation committee, on or before July 15th, 1920. A bid of plaintiff was duly submitted to the school board, but as the school board decided not to open the South Norfolk School, the bid was not accepted by the board. Subsequently at the meeting at which it was voted to take no action on plaintiff's bid, because it was voted not to open the South Norfolk School, Fisk Stevens, as chairman of the transportation committee, requested plaintiff to submit a new bid, omitting transportation for the South Norfolk School, and on August 12th, 1920, plaintiff, in response to such request, submitted a bid, in writing, for such transportation, with the South Norfolk School omitted, for the compensation of $175 per week for each school week for the school year ending July, 1921. The bid of plaintiff was on August 17th, 1920, presented by Fisk Stevens to the school board for action. The bid of plaintiff was the only bid received by the school board.

On August 17th, the board, after an examination of bid of plaintiff, duly passed the following vote: "Voted

to award the contract for transporting children to and from Gilbert School and to and from various points in town to Mr. E. A. Lucier for the sum of $35 per day."

On August 18th, or thereabouts, Fisk Stevens went to plaintiff's place of business and informed him that the school board had voted to award him the contract for the transportation of the children for the ensuing school year, and requested him to have his auto truck and touring cars in proper condition for such purpose, to have suitable drivers, and to secure the necessary liability insurance. Immediately thereafter plaintiff started to place his auto truck and touring cars in proper condition for such transportation, and also secured liability insurance, in the performance of which preparations plaintiff was required to make certain expenditures. On September 6th, Fisk Stevens inquired of plaintiff if everything would be in readiness for the transportation of the children the following day, namely, September 7th, the opening of the school year, and plaintiff replied that everything was in readiness, and on September 7th, plaintiff sent his cars over the various designated routes and transported all children to school who required to be transported.

On the evening of September 7th, at a formal meeting of the school board, it was duly voted that "Mr. Stevens be instructed to execute a contract with Mr. E. A. Lucier in regard to the transportation of the children." On September 7th, immediately following the passage of the vote by the school board, plaintiff was requested to come to the meeting place of the board, and upon his arrival he was informed of the passage of such vote by the board and a contract which had already been prepared which embodied the vote of the board of August 17th, was presented to him for execution. Upon examining the instrument, plaintiff refused to sign the same, upon the ground that it was not in accordance with his

bid for compensation at the rate of $175 per week, but provided for compensation at the rate of $35 a day, and he thereupon notified the school board that his cars would not go out to transport the children on the following day.  Early in the morning of September 8th, Fisk Stevens called at the place of business of plaintiff and asked him if he still persisted in his refusal to sign the contract and to transport the children, and plaintiff informed him that he would not execute the contract and that his cars would not start.  Thereupon Fisk Stevens notified plaintiff that he need do nothing more about the transportation of children and that he would provide other transportation for them, and he thereupon did make other temporary arrangements for their carriage, and subsequently thereto said school board duly entered into a written contract with a third person for the transportation of the children for the school year.

Plaintiff did in fact send his cars over the prescribed routes to gather in and transport such children as presented themselves and he did in fact, on September 8th, carry a portion of them to school.  Plaintiff for a week or two thereafter continued to send his cars over said routes, but after the first day he carried very few children, and finally no children presented themselves for transportation and plaintiff withdrew his cars from further service.

The act of plaintiff in thus sending his cars out and offering to transport the children on September 8th and thereafter was not intended by him and was not in fact an acceptance of the vote of the school board of August 17th, nor of the contract presented to him by the board for execution, but was done solely upon his claim that the vote of the school board of August 17th, and the statements of Fisk Stevens, constituted an acceptance of plaintiff's bid and became a binding contract between plaintiff and defendant upon the terms

contained in plaintiff's bid, and that in thus sending out his cars, he was acting in fulfillment of such claimed contract on his part. At no time did plaintiff indicate an intention or purpose to accept the vote of the school board of August 17th, awarding him the contract for the transportation of the children for such school year, or indicate that he would enter into a contract with the school board upon the basis of such vote. At no time was the subject of a renewal of the contract of October 6th, 1919 (plaintiff's Exhibit 1), discussed by the parties, nor were there any negotiations between them at any time with reference to such renewal. On September 9th, 1920, the school board voted to pay plaintiff $35 for the transportation of the children on September 7th, 1920, and drew its order on the treasurer of the town for that sum, and tendered it to the plaintiff, but plaintiff refused to receive and accept the same.

The trial court reached conclusions as follows: "(a) That no express agreement was entered into by the parties concerning the transportation of the school children for the school year 1920–1921; (b) that the acts and conduct of the parties concerning such subject-matter were not of such a character as to create or raise an implied contract between them; (c) that there was no meeting of the minds of the parties with respect to the terms of such transportation; (d) that the only power and authority possessed by said Fisk Stevens, chairman of the transportation committee, to bind defendant by contract with plaintiff in relation to such transportation, was by virtue of the votes of said school board of dates of August 17th, and September 7th, 1921, respectively; (e) that the contract between the parties, of date of October 6th, 1919, was not renewed by them, nor were there any negotiations concerning a renewal thereof between them; (f) that plaintiff, under the circumstances, is entitled to receive the reasonable

value of his services in transporting the children to school, on the day of September 7th; (g) that the reasonable value of said services is $35; (h) that on September 9th, 1920, defendant duly tendered to plaintiff its order drawn on the treasurer of the town for such sum of $35, but plaintiff refused to accept or receive same."

The plaintiff moved to correct the finding in which the foregoing facts are embodied, and also objected to the admission of certain testimony. Further facts appear in the opinion.

*Frank B. Munn,* for the appellant (plaintiff).

*Samuel A. Herman,* for the appellee (defendant).

KEELER, J. The vote of the committee of August 17th, appearing in the statement of facts, was admitted in evidence by the court against the objection of plaintiff that he was not present at the meeting nor notified to be present, that the first information as to the vote came to him September 17th, that it is not found that he was told of the contents of the vote, and that therefore he could not be charged with knowledge of its terms. This ground of objection is ineffective to exclude evidence of the vote. The vote of the committee was a circumstance in the case, a relevant element of the transaction, and clearly admissible. Its effect upon the plaintiff's claim, and the extent, if any, by which he was bound or concluded thereby, is a matter for further discussion.

Certain corrections of the finding were asked by the plaintiff, three of which were made and the others denied. Some of them merely vary the wording of the finding and are not material. None of the others, if made, would affect the case in the view which we take,

and were not found without evidence, or refused in the face of uncontradicted evidence, with one exception. This exception relates to the finding by the court that on September 8th, plaintiff notified Stevens "that he would not execute the said contract and that his cars would not go out to transport children on said day," when in fact he informed Stevens that he had consulted counsel and was getting ready to run his busses, and when in fact he did for a while continue to run them. The finding should be corrected in accordance with plaintiff's claim, but we cannot see that it establishes anything more than that he was relying upon an executed contract for transportation, which in fact is his main contention in the case. It is quite evident, apart from this fact, that he claimed that the committee had contracted with him in accordance with the terms of his bid, and that the committee claimed that there was no contract because he refused to accept the provisions of the vote of August 17th.

The plaintiff, challenging all of the conclusions of law of the trial court, alleges error in thirty-four particulars as set forth in his reasons of appeal. As supported in the brief and argument of counsel, the real questions in controversy are few and will be considered as urged in the brief. Summarily stated, the contentions of the plaintiff are: that the negotiations between him and the school board issued in a contract express or implied, and the minds of the negotiating parties met; that Stevens, by reason of his position, had authority to make a contract binding the town; that the bids (Exhibits 4 and 5) constituted, in connection with the requests therefor and the action of the committee, a contract with the plaintiff, unless the bids were in terms rejected; and that by allowing the plaintiff to make preparations for the service of transportation and by accepting his services on September 7th, the com-

mittee had ratified a contract following the provisions of plaintiff's second bid, because Stevens had told him that the contract had been awarded to him.

At the outset we may observe that it is conceded by both parties to the action, that the school committee acted in this transaction as an agent of the law and not of the town. *State ex rel. Huntington* v. *Huntington Town School Committee,* 82 Conn. 563, 74 Atl. 882. Provision by law is made for transportation of pupils from one school district in any town to another school therein, by § 836 and § 982 of the General Statutes, and for transportation to high schools in another town, by § 998. Payment is made for such services by the town treasurer upon orders drawn by the chairman of a board of school visitors, or of the school committee, according to the form of organization obtaining in any given town.

Town school committees are chosen by the town simply because the State has found this method of choice convenient, and for a like reason the expense of the maintenance of schools is largely borne by the towns. Although agents of the law and not of the town, school committees are bodies whose constitution and procedure are similar to boards or officers of a town acting for it, and it is quite proper to say that in their formal action they are governed by the law applying to town officials or boards.

As we have seen, the legal agency for making contracts of the kind under consideration is the school committee, and its acts, legally effected, bind the town, where payments are to be made by it. In order to bind the towns, therefore, to any payment or obligation, the committee must act within its statutory powers. Anyone dealing with such a committee, as is the case generally with boards or committees, must inform himself of the scope of the authority of the

body with whose action he is concerned, and of the terms of such action. *Turney* v. *Bridgeport*, 55 Conn. 412, 12 Atl. 520; *Driscoll* v. *New Haven*, 75 Conn. 92, 52 Atl. 618; *Thomas Motor Co.* v. *Seymour*, 92 Conn. 412, 103 Atl. 122. "Public officers or agents are held more strictly within their prescribed powers than private general agents; and a contract made by a public agent within the apparent scope of his powers does not, if there be no estoppel, bind his principal in the absence of actual authority." 2 Dillon, Municipal Corporations (5th Ed.) § 775. A person dealing with any body politic " is bound at his peril to ascertain the extent of the authority of the public officer with whom he deals. . . . To bind the public the body must act which by law can bind them." *Wormstead* v. *Lynn*, 184 Mass. 425, 428, 68 N. E. 841.

Examining in the light of the above principles the transaction between the plaintiff and the committee, we find that the former on July 14th, 1920, tendered a bid for transportation in accordance with the request of the committee, which bid was submitted to the latter and rejected, and that afterward it made the change in the routes noted in the statement of facts and that Stevens thereupon requested plaintiff to submit a new bid conforming to the changed requirements, which he did, and this new bid was considered by the committee on August 17th and thereabouts, and the vote to award the contract for transportation to the plaintiff was passed.

Stevens, as chairman of the transportation committee, on the next day informed the plaintiff that the committee had voted to award the contract to him, and thereupon he made preparation toward carrying out the undertaking. The request for bids contained the requirement that bids should be submitted to Stevens. There is nothing in his conversations with

the plaintiff regarding the action of the committee in rejecting the first bid, or in the communication · to him of the final result of the committee's action, to show that he was in any way acting by authority of the committee in any other way than would be indicated by his position as chairman of the transportation sub-committee, having in charge the details regarding transportation. From Stevens's action, and from the tenor · of the request for bids and plaintiff's acts in connection with them, coupled with the final action, plaintiff claims an express contract, or at least an implied one.

In the first place the plaintiff insists that while the contract for the year previous in accordance with which he transported pupils during that year was not specifically discussed, yet both parties were familiar with its provisions and advised of the renewal provision annexed to it, whereby it might be renewed upon such terms and conditions as the parties might agree upon. Of course this provision as it appears in the statement is of no binding effect, its purport merely is that they might make a new contract if they chose upon conditions to be agreed on. They could do this as well without the provision as with it. Persons can always renew an existing contract if they so choose, without saying so in writing. This particular writing created no obligation to renew. The plaintiff pleads in an amendment to his complaint that the defendant acted under this renewal clause in asking him for bids, and that he submitted bids under said clause for a renewal of the previous contract. The trial court has specifically found as a fact that there was no discussion of this clause, nor were any negotiations had with reference to it. Any contract, therefore, claimed to exist between the parties, must arise from the transactions connected with the negotiations in July and August, 1920, that is, the requests for bids, the bids them-

selves, the votes of the committee, and its action generally.

Excepting the price to be fixed for the service, there is no dispute between the parties as to the terms submitted in the notice to bidders, and the plaintiff bid with reference to them, with offers conforming to these terms; the price for the service was the only open item in the transaction. The dispute turns upon the question of a rate per week as contrasted with a rate per day. The committee received from the plaintiff a bid of $175 per week, this undoubtedly meant to it the same as $35 per day, a result arrived at by a simple act of division of the larger number by five, the number of school days in the ordinary school week. It would seem that the committee were justified in reaching this conclusion, in that the plaintiff's pay in the contract for the year just past had been at a sum per day, and the notice for bids had called for a bid by the day. Counsel say, which is true, that the words "price per day" contained in the notice occurs only after the clause applying to the route to and from the school in Winsted, and is not added after the clauses relating to the other routes, but this claim is far fetched, and untenable; it cannot be that the words quoted were not intended to apply to all routes. This provision was undoubtedly intended to apply to them all; a construction which would hold that the committee desired a bid by the day for one route and not for the others, would be strained and inconsistent with the object in view. When, therefore, the committee received a bid by the week they very naturally in their vote awarding the contract to the plaintiff substituted what they deemed an equivalent sum by the day, to accord with the requirement of the notice. This, also, was evidently the understanding of Stevens, when he afterward informed the plaintiff that the contract had

been awarded to the latter. Subsequent events showed that this construction of his bid was not intended by the plaintiff, and that he intended to insist on the distinction between pay by the day and pay by the week, in that the latter afforded him compensation for work which would not in fact be required, when in any week a school day came upon a holiday. In the pleadings each side claimed the equivalence in fact and in effect of the expressions in the bid with those in the vote, each resolving the question of intent favorably to the contention by each severally made, and each consequently claimed a contract which had been broken by the other party. Both are wrong. It clearly appears from the facts found that the trial judge correctly found that there was no meeting of minds, and hence no contract. The plaintiff had the burden of establishing his construction of the claimed contract and has failed.

But the plaintiff further insists that he was in effect informed by Stevens that his bid had been accepted by the committee, that the latter was bound by Stevens's statement, and that he, the plaintiff, acted in accordance with the information conveyed to him. Further, that Stevens was the agent of the committee, and had authority to bind it, and that the committee was so bound when Stevens told him that the contract had been awarded to him, which information was in his mind equivalent to a statement that his bid had been accepted in the form tendered. He further claims that he properly acted upon this understanding, and did work and incurred expense of preparation toward carrying out the requirements of the contract, and on September 7th, the first school day, did all acts necessary for its performance, and that he only knew when called to the meeting of the committee held on the evening of that day when he was asked to sign a written

contract, that there was any question of the correctness of his understanding of the agreement. So, he says that whatever the committee really intended in the matter, it was bound by Stevens's statement that the contract had been awarded to him on the terms of his bid, even though the vote stated the price of the service at a sum differing therefrom.

The power of providing for transportation is by law conferred upon the school committee, and hence any provision therefor must be the act of the whole body, at least to the extent of finally passing upon the act of any person to whom the matter of negotiation of a contract had been confided. But in the instant case nothing appears which in any way shows that there had been any delegation of power of contracting to Stevens. The committee in its request for bids stated that the same were to be sent to Stevens; this was a mere matter of convenience, and does not indicate any establishment of agency or conferring of power. Stevens spoke to the plaintiff about the submission of a second or revised bid; in doing this he merely carried a message. He told the plaintiff that the school committee had awarded the latter the contract for transportation of school children for the ensuing year, not that the committee had accepted his bid. His statement was true, the committee had awarded him the contract, but had awarded it in the terms of the vote at $35 per day. As we have intimated before, the committee may have considered its vote as equivalent to plaintiff's bid, but that fact does not alter or qualify its terms. Having regard to the authorities cited at the beginning of the opinion, it was certainly incumbent on the plaintiff to inform himself of the acts of the committee, ascertaining from the records of that body the exact terms of the vote. He had no right to rely upon Stevens's statement and put upon its

words his own conclusion, favorable to his claim or understanding. Stevens was chairman of a subcommittee on transportation, and by the custom of the committee he attended to the details of arrangements already made and authorized by it. It was necessary that the plaintiff should be informed of the committee's action, that he might get his equipment in readiness. In acting as a messenger in this regard Stevens performed no act of agency, nor from anything in the various transactions that appear in the record did the plaintiff have any right to infer any agency. Stevens was stating a fact for the obvious reasons just referred to. He stated the fact correctly, but even if he had given an incorrect or ambiguous report of the vote of the committee, and plaintiff had acted thereon to his detriment, there was nothing in his official position, or the character of his various activities as found in the record and as known to the plaintiff, to so bind the committee that a contract embodying the claimed understanding of the plaintiff can be implied, or an estoppel created in his behalf. This court has considered in two cases, *Hartford & N. H. R. Co.* v. *Jackson,* 24 Conn. 514, and *Rowland* v. *New York, N. H. & H. R. Co.,* 61 Conn. 103, 23 Atl. 755, situations involving facts analogous to the instant case. In both of these cases an erroneous freight rate lower than the correct prevailing rate, had been quoted by an employee of the railroad authorized so to do, and acting upon the information so acquired persons had shipped goods over the railroads represented by such employees. It was held in each of these cases, that the railroads were not bound by the errors of their respective employees, and that compensation could be recovered at the correct rate. These cases are persuasive in favor of the defendant in the present case, especially in view of the fact that the employees were acting strictly

within the lines of their employment and agency, while in the case now considered it cannot be held, as we have seen, that Stevens had any such authority as the plaintiff claims; yet even had he possessed such authority and his report of the action of the committee been a mistaken one, which it was not, yet on the authority of the cases cited, such a situation would not have permitted a recovery by the plaintiff. The opinion of the court in *Hartford & N. H. R. Co.* v. *Jackson, supra,* states: "In order to constitute a contract, it is necessary that the parties should assent to it, . . . they must assent to the same thing in the same sense." In each of these cases the court held that the delivery of the goods by the shipper and the actual transport of the goods by the carriers, did not constitute a ratification of the erroneous rate ·quoted by the employee.

It is finally claimed as a matter of pleading that the defendant is not in a position to question the full agency of Stevens, since it has not alleged in any way in the pleadings that Stevens was not authorized in the way claimed by plaintiff, and that to avoid any contract made by Stevens on the ground that Stevens had exceeded his authority, the fact should have been specially plead, and hence the authority of Stevens was not an issue in the case.

The plaintiff in his complaint was dealing with a corporation, or at least with a body politic legally equivalent thereto, and in setting forth his ground of action was not required to plead that the committee acted by the agency of Fisk Stevens, and in fact no reference is made to him in the complaint. There was nothing in the complaint to require defendant to negative the agency of Stevens or to claim that he had exceeded any authority he might have possessed. The name of Stevens only appears once in the somewhat volum-

inous pleadings and amendments thereto, in the first paragraph of the second defense, wherein the fact that bids were to be submitted to Stevens is set up, and this paragraph is admitted in the reply.

The pleadings as they stand are ample and proper to allow the full investigation of the claimed agency of Stevens, and of his other acts in the premises.

There is no error.

In this opinion the other judges concurred.