FIRST HARTFORD REALTY CORPORATION *v.*
CONNECTICUT FOOD STORES, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6305-2964

Argued February 10—decided March 16, 1964

*Arnold H. Klau,* of Hartford, for the appellant (plaintiff).

*George S. Linardos,* of Hartford, for the appellee (defendant).

KINMONTH, J. This action was brought to recover one month's rent by reason of a holding over by the tenant after the termination of a lease. The defendant denied the holding over. The court rendered judgment for the defendant and the plaintiff has appealed, making one of those wholesale attacks on the finding which we have repeatedly criticized. Most of the assignments of error were not pursued in the brief or in oral argument and are considered abandoned. The plaintiff claims that the court erred in finding that the plaintiff had authorized the defendant to keep its sign on the premises when such permission was not pleaded as a special defense and there was no proof of the agency of the person giving the permission, and in refusing to find that the defendant owed one month's rent.

The court found the following facts: The defendant leased from the plaintiff premises known as store A8 in the Manchester Shopping Parkade for a period of three years commencing March 1, 1960, at a monthly rental of $350. The lease had a renewal option which the defendant did not exercise. By letter dated February 25, 1963, the plaintiff notified the defendant to vacate the premises by February 28, 1963. On February 28, 1963, by virtue of an appointment which had been made, representatives of the plaintiff met with representatives of the defendant in an attempt to negotiate an extension of the

lease, but no agreement was arrived at. At this meeting, the representatives of the plaintiff gave permission to the defendant for the sign on the store front to remain in place for a day or two beyond February 28, 1963, so that the defendant could get some sign men to remove it. The defendant removed all of its equipment, except the sign, on February 28, 1963. The lease provided in part as follows: "Upon the expiration or other termination of the terms of this lease, tenant shall quit and surrender to landlord the demised premises, broom clean. . . . Tenant's obligation to observe and perform this covenant shall survive the expiration or other termination of this lease." The Sanitary Refuse Company cleaned the premises for the defendant on March 1, 1963, and the sign on the storefront was removed March 2, 1963. The defendant placed a "new location sign" on the premises and the plaintiff took it down on March 1, 1963. The court concluded that having the premises cleaned on March 1, 1963, did not constitute a holding over, since the lease required such cleaning "upon the expiration of the lease," and that permission had been granted to leave the storefront sign until March 2, 1963. The taking down of the defendant's "new location sign" by the plaintiff on March 1, 1963, showed that the plaintiff was in possession of the premises on that day.

The plaintiff claims that there was a fatal variance between the issues raised by the pleadings and the evidence, in that if the defendant relied on permission it should have been specially set forth in the answer. "So far as the record shows, the plaintiff contested the case on its merits without objection or protest on the ground of any claims of material variance so that, even were such variance involved, . . . [the plaintiff] could not now take advantage of it." *Booth* v. *Booth & Bayliss Commercial School, Inc.*, 120 Conn. 221, 230; see *Machiz* v. *Homer Har-*

*mon, Inc.,* 146 Conn. 523, 526; *Keheley* v. *Uhl,* 129 Conn. 30, 32.

"As a general rule . . . the burden is upon the party claiming that the principal is bound by the agent's acts, to prove the authority of the agent to represent and act for the principal, and such authority usually is express or implied." *E. R. Thomas Motor Car Co.* v. *Seymour,* 92 Conn. 412, 413. With respect to third persons, an agency may arise by necessity, from acts and appearances which lead others to believe that such a relation has been created. 2 Am. Jur., Agency, § 21. Since the plaintiff's representatives were authorized to negotiate an extension of the lease, and did so negotiate, the defendant could reasonably conclude that they were empowered to give permission for the storefront sign to remain for a couple of days.

We cannot say that the court applied an erroneous rule of law, or that the conclusions reached are legally or logically inconsistent with the facts found. The judgment therefore must stand. *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655; *Bielan* v. *Bielan,* 135 Conn. 163, 167.

This is determinative of the appeal, but we feel constrained to comment on the plaintiff's further assignment that the court erred in not finding that the plaintiff was entitled to one month's rent. Had the court found that there was occupancy for two days, the plaintiff would only have been entitled to the reasonable value for use and occupancy of the premises. There was no finding as to the reasonable rental value of the property. As a tenant at sufferance, the defendant was not required to pay the amount stipulated in the lease. Since the plaintiff offered no evidence as to the reasonable rental value of the premises, we cannot find that the court erred in refusing to award any rent, since it could not

492

assess any damages on the basis of the former rent. *Welk* v. *Bidwell,* 136 Conn. 603, 609; see *DiCostanzo* v. *Tripodi,* 137 Conn. 513, 515.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.