[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DIRECTED VERDICT
APPEARANCES:
 Attorneys for the Plaintiff: IGOR I. SIKORSKY, JR., ESQ. DANIEL H. SCHNEIDER, ESQ. CT Page 1262-J Law Offices of Igor I. Sikorsky 1092 Elm Street, Suite 201 Rocky Hill, Connecticut 06067
 Attorney for the Defendants: JOHN KING, ESQ. Updike, Kelly Spellacy, P.C. One State Street P. O. Box 231277 Hartford, Connecticut 06123-1277
 LARAINE STOHL COURT MONITOR
BEFORE: THE HONORABLE SUSAN B. HANDY, JUDGE
THE COURT: This is the Court's memorandum of decision on a motion for directed verdict.
By way of a revised complaint dated September 25th, CT Page 1262-K 1992, the plaintiff, Michael Rothman, sued the defendant, Pratt and Whitney Aircraft, a division of United Technologies Corporation in four separate counts.
Counts one through three allege breach of express or implied contract and count four alleges promissory estoppel
The defendant filed a motion to strike all four counts of the complaint. The Court, Langenbach, J., denied that motion on January 24th, 1994. On May 20th, 1994, the defendant filed its revised answer with four special defenses, each defense alleging that no contract existed between the parties and the plaintiff was, therefore, an employee at will.
The parties do not contest that the plaintiff was initially employed by the defendant on December 27th, 1964. His employment with the defendant concluded on August 16, 1991.
Trial to the jury commenced on February 1st, 1995. CT Page 1262-L At the conclusion of the plaintiff's case on February 3rd, 1995, the defendant filed a written motion for directed verdict. The Court heard extensive argument from both parties on the motion.
A motion for directed verdict is appropriate where the decisive question is one of law. Rich versus Dixon,153 Conn. 52 (1965): Sedita versus Steinberg, 105 Conn. 1 (1926). A trial court is correct in granting a motion for directed verdict where it is merely reaching more speedily and directly a result which would inevitably be reached in the end. People's Savings Bank versus Borough of Norwalk, 56 Conn. 547
(1988); Simmons versus Southern Connecticut Gas Company,7 Conn. App. 245 (1986). See also Petriello versus Kalman,213 Conn. 377 (1990). It should be noted, however, that directed verdicts are not generally favored by the court. John T. Brady and Company versus Stamford, 220 Conn. 432
(1991). They should be granted only when the jury could not reasonably and legally reach any other conclusion. Puro versus Henry, 188 Conn. 301 (1982).
In the instant case, even though the factual situation CT Page 1262-M deals with an employer-employee relationship, plaintiff has not alleged any claim of wrongful discharge per se. In fact, plaintiff himself admits that he is not alleging that he had a contract terminable only for cause. See plaintiff's memorandum in opposition to defendant's motion to strike dated April 23rd, 1993 at page 27.
Further, plaintiff has not alleged that his employment separation by and from the defendant violated any public policy. If the plaintiff is in fact viewed as an at-will employee, such a violation of public policy would be plaintiff's only valid cause of action. See Sheets versus Teddy's Frosted Foods Incorporated, 179 Conn. 471 (1980), unless the plaintiff could establish that he had a contract with the defendant based on other grounds. For example, found in employee handbooks, manuals and/or promises. See Magnon versus Anaconda Industries, Incorporated, 193 Conn. 558
(1984) and Finley versus Aetna Life and Casualty Company,202 Conn. 190 (1987).
The latter is what, in fact, plaintiff seems to allege CT Page 1262-N in the first three counts of his amended complaint. Confusion arises, however, because plaintiff's claims regarding these documents and/or promises, specifically, the promise by the defendant that it would provide timely evaluations; it would provide the plaintiff with a formal action plan; and it would remove the Huntington memorandum, Plaintiff's Exhibit 13, are plead not as wrongful discharge but as a straight breach of contract case — excuse me — breach of contract cause of action in each of his first three counts.
As such, defendant argues that plaintiff has failed to establish that valid contracts were formed.
This Court is therefore forced to apply the law as plaintiff has plead it. Accordingly, as to plaintiff's first three counts, the Court will review the basic elements of contract law. To create a contract, there must be an unequivocal acceptance of an offer. The acceptance of an offer may not be express, but may be shown by any words or acts. which indicate the offeree's assent to the proposed bargain. W. G. Maltby Incorporated versus Associated Realty Company, CT Page 1262-O114 Conn. 283 (1932). The acceptance of the offer must be explicit, full and unconditional. Woodbridge Ice Company versus Semon Ice Cream Corporation, 81 Conn. 479 (1908). The burden rests on the plaintiff to prove a meeting of the minds to establish its version of the claimed contract. Lucier versus Norfolk, 99 Conn. 686 (1923). The contract must also be supported by bargained-for consideration. Fisher versus Jackson, 142 Conn. 734 (1955).
Looking at the evidence in this case, the defendant claims that the plaintiff has failed to prove that Pratt and Whitney intended to contract. The following evidence was presented through the plaintiff at trial: He was employed by the defendant in 1964 and performed his jobs in a variety of geographical locations, up to and including a move to Germany in June of 1989. In May of 1990 while working in Germany the plaintiff received an unsatisfactory performance review and a reassignment notification. The plaintiff was shortly thereafter transferred to the United States and prior to his actual relocation to California, he met in East Hartford at defendant's corporate headquarters with Ken Johnson. CT Page 1262-P
Plaintiff testified that Mr. Johnson told him that he would have an action plan defining his assignment; periodic evaluations; and a clean slate, whereby the negative memorandum of March 19th, 1990 would not follow him. Plaintiff interpreted this latter alleged promise to mean that no negative documents would follow him. These oral promises made by Johnson in the late summer of 1990 had in part previously been put in writing by Johnson in a memo dated June 25th, 1990, Plaintiff's Exhibit 17.
Plaintiff further testified that he had received a Policy and Procedures Guide dated January, 1990 regarding performance management, recognition and awards, known as the PMRR, Plaintiff's Exhibit 59: a manual regarding Understanding Your Pay which included an explanation and procedures regarding ranking, Plaintiff's Exhibit 61; and a Memorandum with attachments regarding improvements to PMRR, dated December 18th, 1989, Plaintiff's Exhibit 63. It is these documents, Exhibits 17, 59, 60 and 63, singly or collectively, which plaintiff claims forms his contract with the defendant. CT Page 1262-Q
Plaintiff further claims that the June 25th, 1990 memorandum, Plaintiff's Exhibit 17, provided by Ken Johnson, was an offer which he accepted by going to California. That memorandum talked about periodic evaluations and an action plan, both of which were part and parcel of the defendant's policies and procedures, Exhibits 59, 60 and 63. Plaintiff claims that acceptance was premised on defendant's promise to provide him with an action plan, periodically review him and provide him with a clean slate. Plaintiff argues that whether or not the parties had a meeting of the minds in this regard is a question of fact for the jury.
Defendant argues that there never was an intent to contract; in fact, defendant's Policy and Procedure Guide, Plaintiff's Exhibit 59, contains an express disclaimer.
Whether or not a disclaimer is valid will depend in part on whether it is prominent in position in print, it is titled, and it is referenced in the table of contents, among other things. John Elliff versus St. Vincent's Medical CT Page 1262-R Center, Docket Number CV 91 289282, a decision of Judge Ford, Fairfield at Bridgeport, December 7th, 1993. In this case the disclaimer is not specifically listed in the table of contents, it is not headed notice, and it is not in boldfaced type. Consequently, this Court is unpersuaded that the disclaimer is totally effective in obviating any intent the defendant's actions or conduct had in creating a contract.
Defendant finally claims that plaintiff has shown no evidence of consideration for a contract. Plaintiff contends that his continued employment is the consideration. This is consistent with the Court's view that the only consideration needed to sustain a contract is the employee's acceptance of employment. Coelho versus Posi-Seal International Incorporated, 208 Conn. 106 at 118, 1988.
Viewing the evidence as presented to the Court and just recounted by the Court, at the conclusion of the plaintiff's case, this Court finds that the plaintiff has presented some evidence which should go to the jury on the issue of whether or not a contract existed between the plaintiff and CT Page 1262-S the defendant in any of the plaintiff's first three counts.
Accordingly, defendant's motion for directed verdict as to counts one through three of the plaintiff's complaint is denied.
The fourth count of plaintiff's complaint sounds in promissory estoppel. In order to prove promissory estoppel, the plaintiff must put in evidence — must put on evidence which shows Pratt and Whitney made a clear and definite promise which could reasonably have expected to induce reliance and on which the plaintiff did in fact rely, to his detriment. D'Ulissi-Cupo versus Board of Education of Notre Dame High School, 202 Conn. 206, 1987. Plaintiff admitted on cross-examination that all plans for his and his family's transfer from German to California were completed and in fact effectuated prior to his meeting with Ken Johnson regarding a clean slate. Plaintiff has not established either reliance or detrimental reliance. Plaintiff's argument that he bought a house was not plead, and even if plead, post-dated all arrangements plaintiff made to move to California, which CT Page 1262-T pre-dated any meeting plaintiff had with Ken Johnson.
Accordingly, defendant's motion for directed verdict is granted as to count four of the plaintiff's complaint.
SUSAN B. HANDY, JUDGE, SUPERIOR COURT